## SAMPSON REED and others *vs.* JOSEPH P. FISH.

*Guaranty — construction of.*

Upon the defendant's written guaranty of the following tenor,—" Oct. 14, 1860. Let the bearer buy merchandise to the amount of two or three hundred dollars, on six months, and I will see you paid,"—the plaintiffs sent to the bearer merchandise to the amount of two hundred and thirty dollars and thirty cents, and in November and December following, one hundred and ten dollars' worth more, *Held,* That the defendant's liability was limited to the first bill of goods.

Reed *v.* Fish.

ON FACTS AGREED.

ASSUMPSIT on the following writing, signed by the defendant.

" Boston, Oct. 14, 1860. Messrs. Reed, Cutler & Co. Please let the bearer, Mr. W. P. Mansfield, buy merchandise to the amount of two or three hundred dollars, on six months, and I will see that you have your pay."

The writ was dated Sept. 25, 1861. Plea, general issue.

The plaintiffs' account against Mansfield consisted of merchandise, 6 months, Oct. 16, 1860, $230.30; Nov. 8, 1860, do. $24.16; Nov. 24, 1860, do. $14.25; Dec. 2, 1860, do. $68.99; Dec. 21, 1860, do. $2.30, making in all, $340.

It appeared that the merchandise charged in the account was sent to Mansfield upon the guaranty, that it was all received by him and never paid for.

Several letters passed between the parties, which it is unnecessary to report.

The court were to draw inferences as a jury might, and render legal judgment in the case.

*Joseph Williamson,* for the plaintiffs.

*W. G. Crosby,* for the defendant.

WALTON, J. The first question is whether the guaranty declared on is to be regarded as continuous or confined to a single bill of goods. We are inclined to think that the parties must have understood that it was limited to a single purchase. The credit to be given is precise,—six months; the amount of merchandise is not so specific,—" to the amount of two or three hundred dollars," is the language used. Carefully considering the language of the whole instrument, it seems to us that it must have been intended for a single transaction; to the purchase of a single bill of goods; the amount of which had been approximately, but not precisely, estimated; but the term of credit for which had been precisely agreed upon. The defendant's liability, therefore, if liable at all,

is limited to the first bill of goods purchased, which amounted to $230.30.

The next question is one of fact.   The defendant says he is not liable for any sum, as he had no notice, within a reasonable time, of the amount of merchandise sold on his guaranty.   It is unnecessary to determine whether, in a case like this, where the guaranty is limited to a single transaction, and the amount of the bill is limited, and the term of credit to be given precise,—notice of the amount is necessary; for the evidence satisfies us, as matter of fact, that the defendant was present when the order for the goods was given, that he saw a written memorandum of the articles before they were ordered, and knew all about the amount, except, perhaps, that the price of each article had not been carried out and footed up; and on the very day that the six months expired, the plaintiffs wrote the defendant and stated to him the precise amount, namely, $230.30; and informed him that they should look to him for their pay.   This objection, therefore, is not well founded in fact.   We are satisfied that the defendant had notice that his guaranty was accepted and relied upon at the time it was given.   We are also satisfied that he then had notice, sufficiently accurate for all practical purposes, of the amount of the bill.   We are also satisfied that he was notified on the very day that the credit expired, that the principal debtor had not paid the bill, and that they should look to him for their pay.   Very clearly, therefore, no defense can be made founded on the want of notice.

*Judgment for plaintiffs for $230.30,*
*and interest from April 16, 1861.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and DANFORTH, JJ., concurred.