ALPHONSO H. MELENDY & others *vs.* FREDERICK CAPEN & another.

Suffolk.    March 30. — April 6, 1876.   COLT & LORD, JJ., absent.

The following instrument is a continuing guaranty : "I hereby agree to guaranty the payment to A. for any goods which may be purchased of him by B., not however binding myself to become responsible for a larger sum than five hundred dollars, except by another special agreement; the above guaranty to remain in force until it is withdrawn by me."

CONTRACT upon the following instrument, signed by the defendants : " In consideration of one dollar paid to us by Melendy, Hixon & Co., of Boston, the receipt whereof is hereby acknowledged, we hereby agree to guaranty the payment to the said Melendy, Hixon & Co. for any goods which may be purchased of them by Alvah Wentworth, of Lynn, not however binding ourselves to become responsible for a larger sum than five hundred dollars, except by another special agreement. The above guaranty to remain in force until it is withdrawn by us."

At the trial in the Superior Court, before *Pitman*, J., the defendants contended that the guaranty was not a continuing one, and put in evidence tending to show an extinguishment of the guaranty by the defendants' indorsing and paying certain notes of Wentworth.   On this point the evidence was conflicting.

The judge ruled that the guaranty was continuing; that the burden of proof was on the defendants to show an extinguishment or discharge of the guaranty by substitution or payment and found that the defendants had not established any such extinguishment or discharge, by consent of parties, and ruled that the law did not imply such from the transaction itself.   The defendants alleged exceptions.

*E. Ames*, for the defendants.

*B. Dean*, for the plaintiffs.

BY THE COURT.   The contract sued on clearly appears upon its face to have been intended to be a continuing guaranty. *Bent* v. *Hartshorn*, 1 Met. 24. *Hatch* v. *Hobbs*, 12 Gray, 447. *Boston & Sandwich Glass Co.* v. *Moore*, 119 Mass. 435.   The question of fact of extinguishment or discharge has been decided by the court below in favor of the plaintiffs.

*Exceptions overruled.*