NEWTON E. CRITTENDEN v. DAVID B. FISKE ET. AL.

*Continuous guaranty—Notice to guarantor—Guaranty for future purchases—Acceptance.*

A guaranty of payment for goods to be sold "from time to time" to an amount not exceeding a specified sum, is continuous until the sums remaining unpaid reach the designated limit, even though the aggregate of purchases far exceeds it. It would be different if the guaranty contemplated a single transaction.

Where a guaranty of payment is absolute in its terms and waives notice of times or amounts of sales or of defaults or delays in payment, the guarantor is not entitled to notice of its acceptance.

An absolute guaranty of payment for future purchases binds neither party until it has been acted on, and until then it may be withdrawn, or delivery of goods may be refused even though verbally promised.

Making sales in reliance on a guaranty of payment, amounts to an acceptance of it.

Error to Wayne. Submitted April 8. Decided April 27.

ASSUMPSIT. Defendant brings error. Affirmed.

*S. E. Engle* for plaintiff in error, cited as to the effect of the words "at any one time" in the guaranty: *Parker v. Wise* 6 M. & S. 239; *Douglass v. Reynolds* 7 Pet. 123; 3 Add. Cont. 132; the ultimate liability for any balance due at any time was guaranteed in *Gates v. McKee* 13 N. Y. 232; *Rindge v. Judson* 24 N. Y. 64; *Bent v. Hartshorn* 1 Met. 24; *Hatch v. Hobbs* 12 Gray 447; *Mason v. Pritchard* 12 East 227; *Mayer v. Isaac* 6 M. & W. 605; *Merle v. Wells* 2 Camp. 413; *Hargreave v. Smee* 6 Bing. 244; *Lanier v. Wyman* 5 Rob. N. Y. 147; *Rapelye v. Bailey* 5 Conn. 149; *Bastow v. Bennett* 3 Camp. 220; *Gordon v. Rae* 8 El. & Bl. 1086; but see *Hall v. Rand* 8 Conn. 567; *Aldricks v. Higgins* 16 S. & R. 212; *Keith v. Dwinnell* 38 Vt. 286; *Congdon v. Read* 7 R. I. 578; *Kirby v. Duke of Marlborough* 2 M. & S. 22; there was not a continuing

guaranty in the following: *Rogers v. Warner* 8 Johns. 119 ; *Whitney v. Groot* 24 Wend. 82 ; *Fellows v. Prentiss* 3 Den. 512 ; *Cremer v. Higginson* 1 Mas. 323 ; *Gard v. Stevens* 12 Mich. 295 ; *White v. Reed* 15 Conn. 466 ; *Boyce v. Ewart* 1 Rice (S. C.) 126 ; *Glass Co. v. Moore* 119 Mass. 436 ; *Anderson v. Blakely* 2 W. & S. 238 ; *Lawton v. Maner* 10 Rich. (S. C.) 323 ; *Barns v. Barrow* 61 N. Y. 39 ; a guarantor should be notified of its acceptance : *Lee v. Dick* 10 Pet. 482 ; *Edmondston v. Drake* 5 Pet. 637 ; *Adams v. Jones* 12 Pet. 213 ; *Mactier's Adms. v. Frith* 6 Wend. 103 ; *Beekman v. Hale* 17 Johns. 134 ; *Stafford v. Low* 16 Johns. 67 ; *Allen v. Pike* 3 Cush. 239 ; *Mussey v. Rayner* 22 Pick. 223.; *Clark v. Remington* 11 Met. 361 ; *McIver v. Richardson* 1 M. & S. 557.

*Levi T. Griffin* (*Griffin, Dickinson, Thurber & Hosmer*) for defendant in error. The guaranty in the present case was continuous : 3 Add. Cont. § 1123 ; Brandt on Suretyship § 130 ; *Melendy v. Capen* 120 Mass. 222 ; notice of acceptance is needless : *Farmers' &c. Bank v. Kercheval* 2 Mich. 504 ; *Weightman v. Bumcratz* 12 Ohio St. 273 ; *Union Bank v. Coster* 3 Comst. 204 ; *Smith v. Ledyard* 49 Ala. 279 ; *Carman v. Elledge* 40 Iowa 409 ; *Case v. Howard* 41 Iowa 479 ; *Mitchell v. McCleary* 42 Md. 374 ; *Davis Machine Co. v. Jones* 61 Mo. 409.

COOLEY, J. In this case the defendants in error, plaintiffs in the court below, have recovered on a guaranty by the plaintiff in error of purchases of merchandise by one Mrs. Coe. Two questions are made in the case—*First,* whether the guaranty was a continuous one ; and *second,* whether the guarantor was entitled to notice of acceptance.

The plaintiffs below were merchants doing business in Chicago. Mrs. Coe, who had dealt with them before, was not in good credit, and they declined to sell to her on time without security. She proposed Crittenden, who resided in this State, as guarantor, and they thereupon wrote and transmitted to him a paper in the following words:

"CHICAGO, May 5, 1877.

In consideration that D. B. Fiske & Co., of Chicago, Illinois, will and do sell to Mrs. O. S. Coe, Ypsilanti, Michigan, upon credit, bills of goods from time to time as she may order, I, the undersigned, do hereby guaranty to the said D. B. Fiske & Co. prompt payment of all such bills at their maturity, the same being four months from the date of purchase or order, hereby waiving any and all notice of times or amounts of sales, or of defaults or delays in payment therefor, the amount guaranteed not to exceed the sum of ——————— at any one time."

Crittenden received this paper, struck out the words "at any one time," filled the blank with two hundred dollars, signed and returned it to the plaintiffs. In reliance upon it the plaintiffs sold Mrs. Coe goods from time to time from May 10, 1877, to July 24, 1878. At this last date she was owing them $242.93. Her total purchases had exceeded $800, and had been reduced by payment and other allowances to the sum named. No notice of the acceptance of the guaranty was given by the plaintiffs to Crittenden until after the dealings with Mrs. Coe had ceased.

I.  Crittenden insists that this guaranty had fully performed its office when goods to the amount of two hundred dollars had been sold to Mrs. Coe in reliance upon it, and it was not continuous thereafter. If he is right in this, he was wholly discharged when the purchases first made to the amount of two hundred dollars had been paid for. But we do not agree in this construction. He agreed to guaranty the bills purchased from "time to time" on four months' credit; and plainly contemplated that the payments as well as purchases would be continuous, leaving him still liable in a guaranteed amount not to exceed two hundred dollars. The case is not unlike *Mason v. Pritchard* 12 East 227, in which the guaranty was "for any goods he hath or may supply my brother W. P. with, to the amount of 100*l*.," and in which "all the court were of opinion with the plaintiff that this was a continuing or standing guaranty to the amount of 100*l*. which might at any time become due for goods supplied until the credit was recalled." The cases of *Hargreave*

*v. Smee* 6 Bing. 244; *Douglass v. Reynolds* 7 Pet. 113; *Bent v. Hartshorn* 1 Met. 24; *Hatch v. Hobbs* 12 Gray 447; *Melendy v. Capen* 120 Mass. 222; *Gates v. McKee* 13 N. Y. 232; *Rindge v. Judson* 24 N. Y. 64, and *Grant v. Ridsdale* 2 Har. & J. 186, support the same view, and some of them in their facts bear close resemblance to the case before us. If the guaranty had evidently contemplated a single transaction, it would have been different. *Anderson v. Blakely* 2 W. & S. 237; *Boyce v. Ewart* 1 Rice (S. C.) 126; *Hotchkiss v. Barnes* 34 Conn. 27; *Congdon v. Read* 7 R. I. 576; *Strong v. Lyon* 63 N. Y. 172; *Boston etc. Co. v. Moore* 119 Mass. 435; *Reed v. Fish* 59 Me. 358.

The defendant relied very much upon the fact that the words "at any one time" were struck out by him, as showing clearly that he only meant to be liable for purchases aggregating two hundred dollars. But these words as they stood might have made the defendant liable for purchases in excess of two hundred dollars if they had been made at different times; and the inference from their being stricken out is only this: that defendant declined to accept responsibility exceeding two hundred dollars; not that he intended to limit the guaranty to the first purchases aggregating that sum.

II. We do not think defendant was entitled to notice of acceptance. The guaranty was absolute in its terms, but neither party was bound by it until it had been acted upon. The acceptance by the plaintiffs consisted in their making sales in reliance upon it; until that had been done defendant was at liberty to withdraw the guaranty, and plaintiffs were at liberty to decline to deliver goods upon it even if they had verbally promised to do so. When therefore defendant in a guaranty absolute in form waives " any and all notice of times or amounts of sales," it is evident he does not expect notice of acceptance.

The judgment must be affirmed with costs.

The other Justices concurred.