## WILLIAM S. CUTLER vs. B. R. BALLOU.

Suffolk. Nov. 14, 1883. — Jan. 8, 1884. C. ALLEN & HOLMES, JJ., absent.

The following instrument, signed by the defendant, was delivered to the plaintiff: "Please deliver to H. goods as he may want from time to time, not exceeding in amount three hundred dollars, and if not paid for by him within thirty days I will be responsible for the same." *Held,* that it was not a continuing guaranty, but was exhausted and satisfied by the first purchase by H. of goods to the amount of $300, followed by payment for the same.

MORTON, C. J. This is an action upon a written guaranty, signed by the defendant, and in the following words: "Boston, April 9, 1880. A. L. Cutler & Co. — Gentlemen, Please deliver to Charles A. Howland goods as he may want from time to time, not exceeding in amount ($300) three hundred dollars, and if not paid for by him within thirty days I will be responsible for the same."

The question is whether this is a continuing guaranty, or a guaranty which was exhausted and satisfied by the first purchase by Howland of goods to the amount of $300, followed by payment for the same. In determining this question, but little aid can be derived from the decided cases, as each case turns upon the particular language of the guaranty to be construed.

By the natural and grammatical construction of the guaranty in this case, the limitation, "not exceeding in amount three hundred dollars," applies to the goods to be delivered, and cannot fairly be construed merely as a limitation of the amount for which the guarantor would be responsible at any time, or from time to time. If the writing signed by the defendant had been in the words, "Please deliver to Charles A. Howland goods as

he may want from time to time, not exceeding in amount three hundred dollars, and charge the same to me," the construction would be clear. It would hardly be contended that the plaintiff could deliver goods to a greater amount than $300, and charge them to the defendant. Instead of authorizing the plaintiff to charge the goods to him, the defendant promises that, if the goods "are not paid for by him within thirty days, I will be responsible for the same;" this does not enlarge the authority to deliver goods to a limited amount contained in the first part of the contract, but is a promise to be responsible for the same goods which the plaintiff is authorized to deliver to Howland. The words "from time to time," in the connection in which they are used in this guaranty, import that all the goods to the amount of $300 are not necessarily to be delivered at one time; but they do not enlarge the limit fixed in the contract of the goods to be sold and of the credit to be given to Howland.

If the contract of the defendant had been that he would be responsible to the amount of $300 for goods to be delivered from time to time to Howland, it would have been a continuing guaranty, because here is no limitation of the amount of goods to be sold, or of the credit to be given; but the limitation is merely of the amount for which the guarantor will be at any time responsible. Such a contract imports a succession of dealings in the future, without limit as to amounts. Of this character are the cases of *Bent* v. *Hartshorn*, 1 Met. 24, *Hatch* v. *Hobbs*, 12 Gray, 447, and *Melendy* v. *Capen*, 120 Mass. 222. The case of *Boston & Sandwich Glass Co.* v. *Moore*, 119 Mass. 435, more nearly resembles the case at bar, though it so far differs that it cannot be said to be a decisive authority for the construction of this guaranty.

For these reasons, we are of opinion that the learned justice of the Superior Court erred in ruling that the contract sued on is a continuing guaranty, under which the defendant is liable "beyond the first three hundred dollars' worth of goods delivered by the plaintiff to said Howland."

*Exceptions sustained.*

*O. A. Marden*, for the defendant.
*J. B. Lord*, for the plaintiff.