Bradley, J.
It is contended on the part of the defendants that the payments made upon the indebtedness of *290 Hooper after the making of the mortgage, and before the commencement of this action, operated as a payment of the mortgage, and especially so as to the defendant, Mary R. Hooper, so as to relieve her premises from its lien. This contention is founded upon the claim that more than nine thousand dollars were within that time paid upon such indebtedness, and that the mortgage cannot be treated as a continuing security, so as to cover any balance that may remain within the sum mentioned in that instrument.
The terms of the condition as expressed in the mortgage are to secure the payment of any and all notes, etc., and there is no restriction or qualification except as to the amount for which the property may be charged as security, ■unless it is found in the provision that the “ conveyance shall be void if such payment be made as herein specified.” Treating the defendant, Mary R. Hooper, as surety, the provisions of the mortgage as to her are not to be extended by implication; but such relation does not materially distinguish the rules of construction from those applicable in the absence of such relation. D., L. and W. R. R. Co. v. Burkhard, 36 Hun, 51. The purpose is to ascertain from the terms of the instrument as a whole what the parties have expressed as their intention. And if there is any doubt or uncertainty as to the import of the language used, aid to interpretation may be afforded by the light of the ■attending circumstances. When the parties expressed the purpose to include “any and all” notes, etc., within the security, they evidently did not intend to limit the transactions of Hooper with the bank to any particular number or time. The mortgage charged the property with nine thousand dollars only as security. This was a mere limitation of the extent of the protection that it should furnish for or on account of the liability which Hooper had incurred or should incur to the bank. In other words it was security for a sum not exceeding that amount on account of any and ■all notes upon which he was or should in any manner become liable to the bank.
The apparent import of this instrument is, that it should ■continue operative so long as his’habilities of the character mentioned continued, and the provision declaring the event which would make it void, had reference to the payment that should discharge such liability to pay any balance not exceeding the amount so limited. It is not seen that the defeasance clause has any importance by way of characterizing the nature and purpose of the mortgage.
We think, in view of the rules of construction, as quite well settled by adjudications, this mortgage must be treated as a continuing security. Crittenden v. Fiske, 46 Mich., 70; S. C., 41 Am. R., 146; Bent v. Hartshorn, 1 Met., 24; *291 Agawam Bank v. Strever, 18 N. Y., 502; White’s Bank v. Myles, 83 id., 338; Simons v. First National Bank, 93 id., 269. The mortgage was evidently given to furnish and continue the credit of Hooper at the bank, and in view of the method of conducting business of that character. In Truscott v. King (6 N. Y., 147, reversing 6 Barb., 346), the record of judgment was entered upon a bond and warrant of attorney for a specific sum. It furnished no information that it was for other than an existing indebtedness for such amount only; and the fact that it was intended as security for future advances, rested wholly in paroi evidence. The question there arose between the holder of the judgment and subsequent mortgages. And it was held that when the amount of the judgment had been covered by the advances, added to the debt existing at the time the bond and warrant of attorney were executed, nothing further as against the holders of the subsequent mortgage could be embraced within the amount secured by the judgment; that as against them further advances could not be tacked to the judgment to keep it alive beyond such sum, and when that amount was paid the judgment was deemed satisfied. The record advised those concerned that its amount was $20,000, and no secret arrangement between the parties to the judgment could have the effect to extend it or continue it as security to embrace any advances beyond the aggregate of the first liabilities covered by it, equal to the amount of the judgment, to the prejudice of intervening equities of others, although up to that amount it would operate to secure all advances made on the faith of it, prior to notice to the judgment-creditor of the intervention or existence of the rights or equity of another accruing subsequently to such judgment. Ackerman v. Hunsicker, 85 N. Y., 43; S. C., 39 Am. R., 621.
In the case at bar, the mortgage by its terms covers as security any and all the liabilities which the principal may in any manner incur to the bank, but that it shall be effectual as protection only to the amount of $9,000. The charge of the property with liabilities subsequently incurred to the bank did not depend upon any paroi, or secret arrangement between him and the bank, but is within the purpose expressed by the instrument itself. And the case is not within the principle upon which Truscott v. King was determined.
It is unnecessary to consider the question whether the defendant, Mary B. Hooper, may, or may not have by notice limited the right of the bank to extend the credit of her husband upon the security of her mortgage, or whether an intervening equity of another and notice of it to the bank, may not have defeated the preference of the hen of *292 this mortgage as security for liabilities thereafter incurred by Hooper to it. There being no such interruptions, the proposition under consideration is determined upon and by the terms of the instrument which the wife has executed. The trial court has found that the advances made, and the credit continued subsequent to the mortgage were upon the faith of it. The conclusion follows that the mortgage was effectual as a continuing security. The contention that there was a valid and effectual arrangement made between the bank and Hooper to extend the time of payment of the debt due from him to it is not supported. The evidence on the part of the plaintiffs is that no such agreement was made. The referee has not found directly on that question, and the evidence would support a finding against such contention.
The more difficult question arises out of the direction to pay out of the proceeds of the sale of the mortgaged premises the amount of the Bissell note, indorsed by Hooper, in addition to the amount of the other liabilities of the latter, as they together exceed nine thousand dollars. This conclusion of the court is evidently founded upon the assumption that the wife did not have the relation of surety in respect to that portion of the mortgaged premises of which she had the legal title. This depends upon the effect of a judgment rendered in a prior action brought by the receiver (appointed in proceedings supplementary to the execution, upon a judgment recovered by the bank against Hooper, > against the appellants and others to set aside as fraudulent as to the creditors of Hooper the deed of conveyance to the wife of the land covered by the mortgage, and other conveyances and transfers of property to her.
The referee in that action found that the husband, when solvent, caused this land to be originally conveyed to Mary R. Hooper, on account of moneys that he had received from her; that the land exceeded in value that amount of money; that afterwards she conveyed the land to her husband through a third party, pursuant to arrangement that if he failed to use it for the purpose in view he would re-convey it to her; that he did reconvey the property to her; and that afterwards, when the mortgage in question was made by them, he, in consideration of the execution of the mortgage, transferred to her securities amounting to $3,13 5.01, which was sufficient to reimburse her the amount which he had received from her estate, and nearly the value of the property mortgaged by her.
And, as conclusion of the law, the referee determined that the execution of the mortgage, in consideration of the transfer of such securities to her, ‘6 should be treated as an equitable transfer of the title of said property, and renders *293 the same hable for the payment of all the indebtedness secured by said mortgage to the same extent as though the legal title thereto had been in the said Sherman D. Hooper.” And the judgment entered in that action was to the same effect.
It is difficult to see the legal theory upon which this conclusion of the referee was founded. The purpose of the action was to obtain judgment declaring certain transfers and conveyances to Mrs. Hooper fraudulent and void as against the bank; and to that proposition the issues related.
The findings of the referee, and the judgment in that action, must here be taken as conclusive as to any matter determined by them within the scope of the issues there.
The judgment may be treated as a qualified impeachment of the conveyance of the property to the wife, and her title under it, in so far that she had no rights peculiar to her relations as owner to assert in defense of the mortgage. Yet the judgment does not, in terms, declare the conveyance to her fraudulent and void as to the bank, a creditor of her husband. If, however, it may be assumed that this was an impeachment or partial impairment of her title as against such creditors within the purposes of the issues, and upon the ground of fraud, it is difficult to see how it has the effect, or is available in this action as an enlargement of the terms of the mortgage.
This is a plain action to foreclose the mortgage, which by its terms was made to secure the payment of $9,000, and to be void on payment of the amount so secured. The determination by the trial court and the judgment following, direct the payment to the mortgagee, as such, out of the proceeds of the sale, of upwards of $15,000 of debt.
The effect of this is to increase the security of the mortgage from the amount secured by its terms to a much larger sum. Nothing appears in the evidence, or in the findings of fact, to justify such modification or enlargement of the terms of the mortgage. Stoddard v. Hart, 23 N. Y., 556.
The judgment seems to be right except in the direction for payment out of the proceeds of sale of the whole amount of the Bissell note.
The judgment should be so modified as to reduce the amount directed to be paid, out of the proceeds of the sale, to the plaintiffs on account of the mortgage debt, to $9,000 and interest thereon from September 29, 1884. And as so modified affirmed, without costs to either party.
Smith, P. J., and Haight, J., concur.