## MARK A. SULLIVAN *vs.* GEORGE E. ARCAND.

Bristol.    October 30, 1895. — February 29, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Guaranty — Evidence — Auditor's Report — Trial — Exceptions.*

At an interview between the parties, A., who was a dealer in painters' supplies, agreed to furnish B., who had gone into business as a painter, with goods, if C. would guarantee payment. C. thereupon signed the following guaranty: "I hereby agree to hold myself responsible for all goods bought by B. of A." At that time no goods had been bought, but on the day the guaranty was signed B. ordered goods to a certain amount, and afterwards gave other orders, all of which were filled by A., but only partly paid for by B. C. was notified by A. of the condition of B.'s account while the debt was being contracted. *Held,* in an action thereon, that the guaranty was so ambiguous that it was competent to show the facts known to the parties with reference to which it was given; and that, interpreted with reference to those facts, the guaranty was a continuing one.

If a motion to recommit an auditor's report, which is the only evidence in a case, on the ground that certain material facts have been found by the auditor upon incompetent evidence, is denied, an exception to such denial should be taken at the time, if the moving party desires ultimately to bring before this court any questions of law which may arise upon the denial of the motion; and if the ground of the objection to the report appears on its face, the party may request suitable rulings at the trial.

Where an auditor's report, which is the only evidence in a case, recites that the plaintiff, against the defendant's objection, was allowed to introduce evidence tending to show a certain fact, but does not set out what the evidence was, this court cannot know that the auditor admitted any incompetent evidence, and an exception to the admission in evidence of the auditor's report upon that ground will be overruled.

CONTRACT, upon a guaranty signed by the defendant. At the trial in the Superior Court, before *Sherman*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*H. A. Dubuque*, for the defendant. 1. The following cases show instances of insufficient written memoranda to comply with the statutes of frauds. *Morton* v. *Dean*, 13 Met. 385. *Waterman* v. *Meigs*, 4 Cush. 497. *Farwell* v. *Mather*, 10 Allen, 322. *Hazard* v. *Day*, 14 Allen, 487. *Whelan* v. *Sullivan*, 102 Mass. 204. *Clark* v. *Chamberlin*, 112 Mass. 19. *Grace* v. *Denison*, 114 Mass. 16. *Riley* v. *Farnsworth*, 116 Mass. 223. *Oakman* v. *Rogers*, 120 Mass. 214. *Gardner* v. *Hazelton*, 121 Mass. 494. *Lincoln* v. *Erie Preserving Co.* 132 Mass. 129. *May* v. *Ward*, 134 Mass. 127. *Ashcroft* v. *Butterworth*, 136 Mass. 511, 514. *Burns* v. *Daggett*, 141 Mass. 368. *Hastings* v. *Weber*, 142 Mass. 232. *Elliot* v. *Barrett*, 144 Mass. 256. *Lewis* v. *Wood*, 153 Mass. 321. *White* v. *Bigelow*, 154 Mass. 593. *Williams* v. *Smith*, 161 Mass. 248.

2. The consideration need not be stated in the writing. *Hayes* v. *Jackson*, 159 Mass. 451, 454.

3. Still the price of goods is not necessarily the consideration. It is the advantage on one side or disadvantage on the other which forms the consideration. In cases of exchange, for instance, there is no price, yet there is a consideration. At any rate, the terms of payment are distinguishable from the consideration itself.

4. In this case, the price of goods furnished Gagné was not the consideration of the contract of guaranty between the plaintiff and the defendant. It was the advantage derived by Gagné in getting goods under the guaranty which formed the consideration here. Therefore, the price of goods furnished the principal debtor and the time of payment became essential elements of the contract of guaranty, and should have been in the writing. Brandt, Suretyship & Guaranty, (2d ed.) § 15. Browne, St. of Frauds, § 191.

5. Where credit is an essential term of the contract, it must appear in the memorandum what time is given. Browne, St. of Frauds, § 382.

*E. Higginson*, (*J. W. Cummings* with him,) for the plaintiff.

FIELD, C. J.   The guaranty sued on is undoubtedly ambiguous.   It is as follows: " Fall River, March 17th, 1890.   I hereby agree to hold myself responsible for all goods bought by A. P. Gagné of Mark A. Sullivan.   George E. Arcand."

For the purpose of showing what this guaranty means, it was competent to show the facts known to the parties with reference to which the guaranty was given.   It appears from the auditor's report that the plaintiff was a wholesale and retail dealer in painters' supplies in Fall River; that A. P. Gagné, in March, 1890, went into business as a painter; that a few days before March 17, the defendant, Gagné, and the plaintiff had an interview relating to the plaintiff's furnishing Gagné with goods; that the plaintiff agreed to furnish them if the defendant would guarantee payment; that in pursuance of such an arrangement the defendant signed the guaranty declared on; and that after the guaranty was signed, the plaintiff, on March 17, 1890, and from time to time up to July 18, 1890, furnished Gagné with goods.   On March 17, 1890, Gagné ordered goods to the amount of $210, and afterwards gave other orders, all of which were filled.   Gagné paid something on account, but there was a balance remaining unpaid.   The defendant " was notified by plaintiff's clerk of the condition of Gagné's account while the bill was being run up."

Upon the question whether the guaranty should be construed as a continuing guaranty, or as confined to the single purchase of goods by Gagné on March 17, the fact that Gagné as a ' painter desired to purchase goods to be used in his business, which was known to the defendant, seems to us competent evidence; and it is fairly to be inferred from the auditor's report that it was understood that the purchases were to be made from time to time, as Gagné might need the goods in his business. The guaranty is a contract collateral to the contract or contracts made between the plaintiff and Gagné; and what the contemplated contract or contracts between them were, if known to the parties to this suit, is, as between such parties,

a fact with reference to which the guaranty was given. Interpreting the guaranty with reference to the facts found by the auditor, although the case is a close one, we think that the court rightly held that it was a continuing guaranty. At the time the guaranty was given no goods had been bought, and the guaranty may well be held to cover all goods which might be bought. *Bent* v. *Hartshorn,* 1 Met. 24. *Stoops* v. *Smith,* 100 Mass. 63. *Melendy* v. *Capen,* 120 Mass. 222. *Hotchkiss* v. *Barnes,* 34 Conn. 27. *Heffield* v. *Meadows,* L. R. 4 C. P. 595. *White's Bank* v. *Myles,* 73 N. Y. 335. Brandt, Suretyship & Guaranty, (2d ed.) §§ 156 *et seq.*

We infer from the exceptions that before the trial the defendant filed a motion to recommit the auditor's report for the alleged reason, among others, that the auditor had misinterpreted the guaranty and had wrongly admitted oral evidence to control or modify its meaning, and that this motion was denied. At the trial, the plaintiff offered the auditor's report in evidence, to which the defendant objected for the same reason, and the court admitted it, and the defendant excepted. The auditor's report was the only evidence in the case. The practice, when it appears that an auditor has found material facts upon incompetent evidence, is shown in *Collins* v. *Wickwire,* 162 Mass. 143, and in cases there cited. If it be assumed that on a motion seasonably made before the trial to recommit an auditor's report upon the ground that certain material facts have been found by the auditor upon incompetent evidence, the moving party, if it so appears, has the right to have the report recommitted, or discharged, or the facts so found stricken from the report, we think that, if the motion is denied, an exception to this action of the court should be taken at the time if the party desires ultimately to bring before this court any questions of law which may arise upon the denial of the motion. That was not done in this case. If the ground of objection to the report appears on the face of the report, the party may request suitable rulings at the trial. The auditor's report recites that, " against defendant's objection, plaintiff was allowed to produce evidence tending to prove that it was the understanding of the parties that this [the guaranty] should apply to future advances." But we do not know what this evidence was. If it was only evi-

dence of the arrangement made between the plaintiff and Gagné, with reference to the purchase of goods by Gagné, we think it was competent. It also appears in the report that for the same purpose " plaintiff's counsel was allowed to ask plaintiff during his examination, ' What was the talk between Mr. Arcand and you about Gagné's buying goods and Arcand's becoming responsible for them?' " to which the defendant objected. We do not know what the answer was, but if the plaintiff answered that Gagné proposed to buy the goods of him from time to time, to be used in his business, and that the plaintiff had agreed to furnish them if the defendant would guarantee payment, we think the evidence was competent. We do not know that the auditor admitted any incompetent evidence. We are of opinion that the exceptions should be overruled.

*Exceptions overruled.*