Jones, P. J.
This is an action of contract in which the plaintiff seeks to recover the sum of $65,31, together with *39 interest • from- July 7, 1937. The action, is brought on a written guaranty signed by the defendant,, dated August 20, 1936, addressed to the plaintiff. The guaranty reads as- follows:
“Please extend credit to A. Cohen which runs under the name of Al’s Cutrate Grocery, 319 Broadway, South Boston for groceries amounting to about $200.00 to be paid within 10 days from date of shipment. We guarantee the above amount. .
(signed) Meyer Gelpe.’’
In addition to the above, the only evidence was that at a time when the plaintiff refused to deliver any further groceries to A. Cohen on credit, the above writing, signed by the defendant, was given the plaintiff; that after August 20, 1936, the date of the guaranty, between August 20, 1936 and March 18, 1937, in numerous transactions and deliveries, the plaintiff delivered to A. Cohen, at his request, first — two orders for groceries amounting to $125, and thereafter' orders from time to time and in various amounts totalling about $800; that on March 19, 1937 there was a balance due of $65.31, which is the amount sued for. The case at bar at once raises the question whether or not the written instrument constitutes a continuing guaranty.
In Courtis v. Bonnis, 7 Met. 510, 517, the rule is stated as follows:
“. . . But in letters of guaranty, which are commercial instruments executory in their character, and where the liability of the makers depends upon the acts or misconduct of third persons, the better opinion, we think, is that in their construction the language used shall be taken according to its ordinary acceptation and common meaning, without any special leaning against the maker of the instrument.”
*40 In Keith v. Thomas, 266 Mass. 566, 571, the judge ruled on a case of a guaranty
“the langauge of the instrument is not to be construed most strongly against the party who used it, I rule that the guaranty is not a continuing guaranty”
and therefore the meaning of the contract of guaranty, is to be ascertained from the use and construction according to the ordinary rules for interpretation of written instruments and read in connection with the subject matter and we must therefore
“give it that effect most in accord with the intention of the parties as disclosed by the words used when defined according to the common and approved usage of the language, without stretching or constricting their mutual signification.” Littlejohn & Co. Inc. v. Handy, 246 Mass. 374.
In order to determine whether or not the defendant is liable for this bill we are called upon to ascertain the defendant’s intentions as expressed in this writing. Was; the plaintiff to sell to the defendant goods from time to time until notified to stop by the defendant and that he should be liable for any amount due up to $200 and left unpaid by A. Cohen? Or was the defendant’s intention to. authorize only a sale of goods amounting to about $200; with the guaranty as security?
The two cases that seems most like the one at bar are the cases of Cutler v. Ballou, 136 Mass. 337 and Sherman v. Mulloy, 174 Mass. 41. In the former case the instrument signed by defendant read,
“Please deliver to Howland goods as he may want from time to time, not exceeding in amount three hundred dollars, and if not. paid for by him within thirty-days. I will be responsible for the same.”
*41 This.writing was held not a continuing guaranty and that it was exhausted and satisfied by the delivery of goods to" the amount of $300. The case at bar was to extend credit for groceries amounting to about $200. The order was not to deliver goods amounting to about $200, but was much stronger in its limitation because it provided that credit only should be extended to about $200. There is, in addition, the provision that this sum is to be paid within ten days from date of shipment. There would be, perhaps, more question about the meaning of the guaranty, if it did not state “We guaranty the above amount” meaning, it seems to us, that there was intended only the guaranty of payment of $200. There is nothing, about the guaranty which imports “a succession of dealings in the future without limits of amount” as in the case of Sherman v. Mulloy, 174 Mass. 41 where the guaranty is somewhat like the one in the case at bar. We think, therefore, the natural construction is the one that we have given and we have followed the rule for construction laid down in the case last cited,
“to find the meaning of the parties if possible from the language and, in doubtful cases, inasmuch as the promise is to pay the debt of another, the presumption is that a guaranty of a single transaction or of limited transactions was intended, rather than a continuing guaranty.”
This form of guaranty is very similar to the one in Boston & Sandwich Glass Co. v. Moore, 119 Mass. 435, where the guaranty read:
“I guarantee the sum of five hundred dollars value in glass shades purchased by my son A. from B. Terms of purchase to be sixty days from date of invoice, and, if not paid within ninety days, draft to be drawn on me for the amount.”
*42 Therefore, we think the findings of fact made by the court that
“the parties intended that the memorandum dated August 20,1936 should constitute a continuing guarantee to the extent of $200 worth of credit to be furnished by the plaintiff to A. Cohen, and that the guarantee had not been revoked up to the time that the credit was extended by the plaintiff to A. Cohen for which this suit was brought”
was wrong and that the trial court should have given instead of refusing the ruling requested by the defendant, that upon all the law and the evidence the court finds for the defendant, and the other rulings of the same general trend should have been given.
An entry will be made setting aside the finding of the court for the plaintiff and ordering judgment for the defendant.