GLOBE PRINTING COMPANY, Respondent, v. S. W. BICKLEY, Appellant.

**St. Louis Court of Appeals, February 1, 1898.**

Contract: GUARANTY, ABSOLUTE: NOTICE TO GUARANTOR OF ACCEPTANCE. An absolute and complete undertaking to become responsible for the fulfillment of the contract of another, requires no notice to the guarantor of acceptance, nor notice to him of any default of the contractee.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*F. R. Jesse* and *Edmonston & Cullen* for appellant.

Contracts of guaranty, like all contracts, must be mutual to be binding. *Taylor v. Shouse*, 73 Mo. 363.

Bickley's offer of guaranty never became binding upon him, because respondent never notified him of acceptance. *Sewing Machine Co. v. Richard*, 115 U. S. 524; *Davis v. Wells*, 104 U. S. 159; *Newman v. Coal Co.*, 19 Ill. App. 594; *Schuster v. Weis*, 114 Mo. 166; *Taylor v. Shouse, supra; Beers v. Wolf*, 116 Mo. 179; *Savings Bank v. Shine*, 48 *Id.* 456; *Smith v. Anthony*, 5 *Id.* 504; *Rankin v. Childs*, 9 *Id.* 665; 2 Par. on Con. [5 Ed.] 13; *Mitchell v. Railton*, 45 Mo. App. 273, 281.

*E. S. Gantt* and *George Robertson* for respondent.

This is, not a mere proposal to guarantee a contingent liability. The delivery of the contract, and the guarantee with it, is the acceptance itself. The guarantor had all the notice, at the time of the delivery of the contract and bond, that is required. *Tallman & Co. v. Means*, 52 Mo. App. 385; *Barker v. Scudder*, 56 Mo. 276; *Davis, etc., Co., v. Jones*, 61 *Id.* 409; *Mitchell v. Railton*, 45 Mo. App. 273. See, also, 1 Brandt on Sur. & Guar., sec. 103.

BLAND, P. J.—Suit was begun before a justice of the peace on the following account:

"Account.

"St. Louis Globe-Democrat.

"John Allen, Mexico, Mo., to the Globe Printing Co., Dr.

Account rendered for March, 1895.................. ....... $20 91
Account rendered for April, 1895  .................... 19 38
Account rendered for May, 1895 ....... ................ 19 89

To balance..... .................................$60 18

Plaintiff recovered judgment before the justice, from which an appeal was taken to the circuit court, where plaintiff again recovered judgment, from which defendant appealed to this court.

On the trial plaintiff offered and read in evidence the following written instruments, both written on the same sheet of paper:

"Agreement.

"MEXICO, Mo., February 4, 1895.

"I, having been appointed an agent for the St. Louis Globe-Democrat in Mexico, county of Audrain, State of Missouri, I hereby agree to conduct the business to the best advantage and to settle all bills on or

before the 10th day of each month for papers furnished during preceding month.

"The rates on papers to be as follows: One and one half cent per copy for daily and three cents per copy for Sunday; when furnished for regular subscribers to be delivered to them at 20 cents per week, or 65 cents per month, and three cents per copy for transient papers, with return privilege on unsold copies of transient papers only.

"(Signed) JOHN ALLEN.
"(Witnessed) JAMES B. PATRICK.

"Bond.

"I hereby agree to become responsible to the Globe Printing Company of St. Louis, Missouri, publishers of the St. Louis Globe-Democrat, for whatever amount may become due said Globe Printing Company for papers furnished at agreed rates to John Allen, in Mexico, county of Audrain, State of Missouri, provided the amount is not settled by said John Allen according to the terms of the above agreement. I further agree to be reponsible for any losses or damage sustained by the Globe Printing Company should the said John Allen give up the agency without 30 days' notice in writing to the Globe Printing Company.

"(Signed) S. W. BICKLEY.
"(Witnessed) JAMES B. PATRICK.

"Dated at Mexico, Mo., this 5th day of February."

Plaintiff proved its account to be $65.18 due from John Allen, and rested its case. Defendant testified that plaintiff at no time notified him that he had been accepted as security or guarantor upon the undertaking and proposition of John Allen, and that plaintiff had not notified him of Allen's alleged default until a

short time prior to the institution of the suit, and had no communication whatever with plaintiff in regard to the matter in controversy until just a short time before suit was brought.   The case was tried before the court without the intervention of a jury, and no declarations of law were asked or given.   For a reversal of the case the appellant contends and assigns as error, that defendant's obligation to make good any loss to plaintiff by the default of Allen, was dependent upon notice to defendant by plaintiff, that it accepted him as security for Allen; and second, that considering that defendant became bound as security or guarantor for Allen, without notice of acceptance from plaintiff that the failure of plaintiff to notify defendant of Allen's default on or before the tenth day of each month when such default was made, released defendant from his obligation as such security or guarantor.   The paper signed by appellant was not an offer or proposition to guarantee, but a declaration that he "thereby agreed to become responsible," etc.   It was a complete and absolute undertaking to become responsible for the value of the goods (newspapers) to be thereafter furnished by respondent to Allen under its contract with an appointment of him as its agent for the sale of its newspapers.   No notice of the acceptance of this guaranty was necessary according to all the authorities, for the reason that the undertaking was absolute and complete.  1 Parsons on Contracts, 479; 2 Parsons on Contracts, 13, and note. For the same reason appellant was not entitled to notice of any default of Allen's to make monthly payments.   The contract of guaranty being absolute, it was for the appellant to see that Allen complied with his contract as to payments.   No reversible error appearing in the record, the judgment is affirmed.   All concur.

CONTRACT: guaranty, absolute: notice to guarantor of acceptance.