(No. 4732.   March 17, 1928.)

NEW IDEA SPREADER COMPANY, a Corporation, Appellant, v. A. Y. SATTERFIELD, M. J. KERR, MOSES CHRISTIANSEN, W. A. SHULDBERG, A. B. CHAPMAN, GEO. BRINELLEY and G. H. HALL, Respondents.

[265 Pac. 664.]

CORPORATIONS—CONTRACT WITH—DENIAL OF CORPORATE CAPACITY—IN-TERSTATE TRANSACTION—MOTION FOR NONSUIT—SATISFACTION OF BURDEN OF PROOF—GUARANTY—ACCEPTANCE—NOTICE.

1. Where guarantors in written agreement to hold themselves responsible for payment of merchandise sold to Intermountain Farmers' Equity dealt with plaintiff as a corporation, they could not deny plaintiff's corporate capacity.

2. Contract of guaranty, in which defendants guaranteed payment for merchandise sold to Intermountain Farmers' Equity by Ohio corporation, was an interstate transaction, where guaranty was executed by defendants in Idaho, and forwarded to, and received by, plaintiff in Ohio.

3. In action against guarantors for balance due on account of merchandise sold Intermountain Farmers' Equity, defendants' motion for nonsuit should have been denied, if plaintiff sustained its burden to prove any one item set forth in bill of particulars demanded by, and served on, defendants prior to trial.

4. In action against guarantors for balance due on account of merchandise sold Intermountain Farmers' Equity, defendants' motion for nonsuit was erroneously granted because there was no evidence that the alleged guaranty was ever accepted, where, under written contract, guarantors intended to guarantee payment of merchandise sold by plaintiff from date thereof until guaranty was revoked.

5. Generally, a mere offer of guaranty must be accepted, and notice thereof given to bind one who makes offer.

6. Where transaction amounts to direct or unconditional promise of guaranty, all that is necessary to make promise binding is that promisee act on it, notice of acceptance not being necessary.

7. Where defendants were guarantors of payment for merchandise sold to Intermountain Farmers' Equity, fact that guaranty was continuing did not affect their obligations, where

45 Idaho—48

plaintiff sold goods to Intermountain Farmers' Equity in reliance thereon.

8. Defendants were liable as guarantors of payment for merchandise sold to Farmers' Equity without notification of acceptance of guaranty by plaintiff, where plaintiff sold goods to Farmers' Equity in reliance on the guaranty.

9. In action against guarantors to recover balance due on account for merchandise sold Farmers' Equity, defendants' motion for nonsuit was erroneously granted because signatures on guaranty of only two of defendants had been proved, where motion was made in behalf of all defendants, since, in absence of specific motion by defendants whose signatures were not proved, motion should have been denied.

10. Where guarantors of payment of merchandise sold to Farmers' Equity under terms of guaranty waived requirement of legal proceedings against their principal, it was not necessary for plaintiff to exhaust its recourse against Farmers' Equity before bringing suit against the guarantors.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action on guaranty. Judgment for defendants. *Reversed.*

B. W. Davis, for Appellant.

A reasonable construction placed upon the written guaranty shows that it was intended by the parties thereto to

Publisher's Note.

1. Estoppel of defendant to deny corporate existence in action by corporation, see note in Ann. Cas. 1914C, 1250. See, also, 7 R. C. L. 106.

5. See 12 R. C. L. 1069.

6. Notice of acceptance of guaranty when necessary, see notes in 39 Am. Dec. 221; 16 L. R. A., N. S., 353; 33 L. R. A., N. S., 960; 48 L. R. A., N. S., 198. See, also, 12 R. C. L. 1069.

Corporations, 14 C. J., sec. 235, p. 227, n. 8; 14a C. J., sec. 3993, p. 1287, n. 11.

Guaranty, 28 C. J., sec. 21, p. 901, n. 65; sec. 25, p. 904, n. 97; sec. 98, p. 951, n. 25; sec. 147, p. 989, n. 6; sec. 203, p. 1032, n. 4.

waive acceptance thereof.  (12 R. C. L., p. 1074, and cases cited; 28 C. J., pp. 932, 933, 937, and cases cited; *Saunders v. Ducker,* 116 Md. 474, Ann. Cas. 1913C, 817, 82 Atl. 154; *Kansas City v. Youmans,* 213 Mo. 151, 112 S. W. 225; *London & S. F. Bank v. Parrott,* 125 Cal. 472, 73 Am. St. 64, 58 Pac. 164; *Crittenden v. Fiske,* 46 Mich. 70, 41 Am. Rep. 146, 8 N. W. 714; *Utica City Nat. Bank v. Gunn,* 222 N. Y. 204, 118 N. E. 607; *Mamerow v. National Lead Co.,* 206 Ill. 626, 99 Am. St. 196, 69 N. E. 504; *Newcomb v. Kloeblen,* 77 N. J. L. 791, 74 Atl. 511, 39 L. R. A., N. S., 724.)

No acceptance of an absolute guaranty is necessary. A guaranty made at the request of a third party needs no notice of acceptance.  (12 R. C. L., pp. 1064, 1067, 1069, and cases cited; 28 C. J., pp. 895, 896, and cases cited.)

Where a guaranty recites a valuable consideration it requires no acceptance.  (12 R. C. L., p. 1067, and cases cited; 28 C. J., p. 903, and cases cited; *Deering & Co. v. Mortell,* 21 S. D. 159, 110 N. W. 86, 16 L. R. A., N. S., 352, and note; *Stone-Ordean-Wells Co. v. Halmer,* 142 Minn. 263, 171 N. W. 924; *Davis Sewing Machine Co. v. Richards,* 115 U. S. 524, 6 Sup. Ct. 173, 29 L. ed. 480; *Everson Mfg. Co. v. Tvedt,* 19 N. D. 8, 120 N. W. 1094; *Bank of California v. Union Packing Co.,* 60 Wash. 456, 111 Pac. 573; *Atlas Shoe Co. v. Bloom,* 209 Mass. 563, 95 N. E. 952.)

Interested parties, directors of a corporation signing a guaranty waiving notice of times or amounts of sales, to procure credit for the corporation, and who know of the receipt of the merchandise by the corporation, cannot urge as a defense that the guarantors were not formally notified of acceptance of the guaranty.  (*Hibernia Bank v. Conciene,* 140 La. 969, 74 So. 267, L. R. A. 1917D, 402; *Rome v. Gaunt,* 246 Mass. 82, 140 N. E. 242; *Crittenden v. Fiske,* 46 Mich. 70, 41 Am. Rep. 146, 8 N. W. 714; *Rawleigh Medical Co. v. Laursen,* 25 N. D. 63, 141 N. W. 64, 48 L. R. A., N. S., 206.)

Merrill & Merrill and McDougall & McDougall, for Respondents.

In case of a guaranty for debts yet to be created and uncertain in the amounts, the guarantor is not liable unless the guaranty is accepted and notice of the acceptance is given to the guarantor within a reasonable time. (*American Agricultural Chemical Co. v. Ellsworth,* 109 Me. 195, 83 Atl. 546; *Norton v. Eastman,* 4 Greenl. (Me.) 521; *Tuckerman v. French,* 7 Greenl. (Me.) 115; *Lee v. Dick,* 10 Pet. (U. S.) 482, 9 L. ed. 503.)

Where the guaranty is an offer to become responsible for a credit that may or may not be given to another at the option of the party to whom the obligation for credit is made, the decided weight of authority is that the guarantor must, within a reasonable time, be notified of the acceptance of the guarantee. (*German Savings Bank v. Roofing Co.,* 112 Iowa, 184, 84 Am. St. 335, 83 N. W. 960, 51 L. R. A. 758; *Deering & Co. v. Mortell,* 21 S. D. 159, 110 N. W. 86, 16 L. R. A., N. S., 352; *Asmussen v. Post Printing & Publishing Co.,* 26 Colo. App. 416, 143 Pac. 396; *Davis Sewing Machine Co. v. Richards,* 115 U. S. 524, 6 Sup. Ct. 173, 29 L. ed. 480.)

A guaranty signed by the grantor, without any previous request of the other party, and in his absence, no further consideration moving between them, except future advances to be made to the principal debtor, is in legal effect an offer or proposal on the part of the guarantor, which requires an acceptance to complete the contract. (*Davis Sewing Machine Co. v. Richards,* 115 U. S. 524, 6 Sup. Ct. 173, 29 L. ed. 480.)

WM. E. LEE, C. J.—This action was brought against respondents, as guarantors, to recover a balance due on an account with the Intermountain Farmers' Equity, of which respondents were directors. The contract of guaranty, procured from respondents by the Intermountain Farmers' Equity at appellant's request, provides that the undersigned

" . . . . guarantee and hold myself personally responsible for the payment . . . . of all . . . . goods, wares and merchandise so sold and delivered, whether evidenced by open account or note. . . . . " At the close of appellant's evidence, the trial court sustained respondent's motion for nonsuit.

[1] It is contended that the trial court erred in granting the motion because there was "no competent proof" of appellant's corporate capacity. The guaranty, alleged *in haec verba* in the complaint, states that respondents gave the guaranty to the "New Idea Spreader Company, a corporation of Coldwater, Ohio. . . . . " Having dealt with appellant as a corporation, respondents cannot deny its corporate capacity. (*Toledo etc. Co. v. Young,* 16 Ida. 187, 101 Pac. 257.)

[2] Appellant likewise contends that the trial court erred in granting the motion because there was no competent proof that the transaction was interstate in character. There was competent evidence that the guaranty was executed by respondents at Pocatello, in this state, and was forwarded to and received by appellant at Coldwater, in the state of Ohio. It was, therefore, an interstate transaction. (*Bertilyon Home Builders Co. v. Philbrick,* 31 Ida. 724, 175 Pac. 958; *Pacific States Automotive Finance Corp. v. Addison,* 45 Ida. 270, 261 Pac. 683.)

[3] The third, fourth, fifth and sixth grounds of the motion, based on the alleged failure of appellant to establish the liability of the Intermountain Farmers' Equity for the items set forth in a bill of particulars, demanded by and served on respondents previous to the trial, are likewise untenable. They were not seriously urged on the trial and have received little, if any, consideration by the parties on this appeal. The motion for nonsuit should have been denied if appellant satisfied the burden of proof as to any one item. Applying this test, the court erred in sustaining the motion on these grounds.

[4–6] The seventh and principal ground on which nonsuit was granted was that there was no evidence that the

"alleged guaranty was ever accepted." There appears to be an irreconcilable conflict in the authorities as to the necessity of notice to the guarantors of acceptance by the guarantee. The conflict would seem to have arisen because of the difficulty in distinguishing between an absolute guaranty and an offer of guaranty. It is generally held that a mere offer of guaranty must be accepted and notice thereof given to bind the one who makes the offer. (28 C. J. 901.) On the other hand, " . . . . where the transaction is not merely an offer of guaranty, but amounts to a direct or unconditional promise of guaranty . . . . all that is necessary to make the promise binding is that the promisee should act upon it and notice of acceptance is not necessary. . . . . " (28 C. J. 904.)

The instrument does not purport to be an offer of guaranty; on the contrary, it recites an absolute and unconditional promise of payment at maturity of the purchase price of all goods, wares and merchandise sold and delivered by appellant to Intermountain Farmers' Equity, and sets forth that " . . . . this is intended to be a continuing guaranty, applying to all sales made by you to Intermountain Farmers' Equity, from this date until the same is revoked by me in writing." From the language used by them it is plain that the makers intended by the instrument to guarantee the payment of all goods sold by appellant to Intermountain Farmers' Equity from that date until it was revoked by them.

[7, 8] That the guaranty was continuing rather than a promise to pay a then existing debt does not affect the obligation of the signers. (*McConnon & Co. v. Prine,* 128 Miss. 192, 90 So. 730.) Furthermore, the guaranty shows that notice of acceptance was neither necessary nor expected. In fact, notice of acceptance alone would not have bound the guarantors. They, by the terms of the instrument, definitely conditioned their liability, not on the acceptance of any offer of guaranty, but on the sale of goods to Intermountain Farmers' Equity. (*Crittendon v. Fiske,* 46 Mich. 70, 41 Am. Rep. 146, 8 N. W. 714; *Sheffield v. Whitfield,* 6 Ga.

App. 762, 65 S. E. 807; *McGowan v. Wells, Trustee,* 184 Ky. 772, 213 S. W. 573.) Appellant having made sales of goods to Intermountain Farmers' Equity, respondents became bound on their promise of payment for such goods without having been notified of the acceptance of the guaranty. (*Midland Nat. Bank v. Security Elev. Co.,* 161 Minn. 30, 200 N. W. 851; *Watkins Med. Co. v. Brand,* 143 Ky. 468, 136 S. W. 867, 33 L. R. A., N. S., 960; *Globe Printing Co. v. Bickley,* 73 Mo. App. 499; *Mott Iron Works v. Clark,* 87 S. C. 199, 69 S. E. 227; *White Sewing Machine Co. v. Powell,* 25 Ky. Law Rep. 94, 74 S. W. 746; *March v. Putney,* 56 N. H. 34; *Bank of California v. Union etc. Co.,* 60 Wash. 456, 111 Pac. 573.)

[9] The eighth ground of nonsuit was that appellant had proved the signatures on the guaranty of only two of the respondents. The motion was in behalf of all the respondents. In the absence of a specific motion by those respondents only whose signatures were not proven, the motion should have been denied.

[10] The ninth ground was that the evidence shows that appellant had not exhausted its recourse against the Intermountain Farmers' Equity. A sufficient answer to this contention is that the guarantors, by the terms of the guaranty, waived "the requirement of legal proceedings against the Intermountain Farmers' Equity."

The court erred in sustaining the motion and in entering the judgment appealed from. The judgment is reversed. Costs to appellant.

Givens, Taylor and T. Bailey Lee, JJ., concur.

Budge, J., concurs in the conclusion reached.