468 P.2d 316

**Elizabeth A. THOMPSON, Plaintiff-Appellant,**

v.

**Ward FAIRCHILD and Marie Fairchild, husband and wife, and Farmers National Bank, a corporation, Defendants-Respondents.**

**No. 10432.**

Supreme Court of Idaho.

April 22, 1970.

May, May & Bennett, Twin Falls, for plaintiff-appellant.

Lloyd J. Walker, Twin Falls, Behm & Anderson, Buhl, for defendants-respondents.

DONALDSON, Justice.

On July 6, 1966, pursuant to a written contract, 160 acres of land was sold by Ward and Marie Fairchild (defendants-respondents) to Elizabeth A. Thompson (plaintiff-appellant). Prior to July, 1966 (the date of the written contract), Elizabeth A. Thompson and her husband, Robert, were living on the property in question under an oral agreement entered into in July, 1961. According to the terms of the oral agreement a payment of $850.00 per year was to be made by the Thompsons to the Fairchilds. In addition, the Thompsons were responsible for taxes.

The written sales contract of July 6, 1966, provided for a total purchase price of $12,000.00. The Fairchilds (sellers and defendants-respondents herein) acknowledged that $4,227.53 of the $12,000.00 had been already paid to them because of (1) previous payments made by the Thompsons to the Fairchilds under the oral agreement heretofore referred to and (2) services which were rendered by the Thompsons to the Fairchilds. The balance of the purchase price, viz., $7,772.47 was to be paid in equal annual payments of $1,000.00 per year, the first payment due November 1, 1966, and subsequent payments to be made on November 1, of each year until the entire contract had been paid in full. The written contract further provided that the Thompsons (the buyers who had been in possession of the property since 1961) were to remain in possession so long as they performed according to the terms of the written agreement. A default clause was included in the contract.[1]

---

1. "Time is agreed to be of the essence of this contract and in the event the second parties shall fail or refuse to make any of the payments of any kind or nature

Mrs. Thompson defaulted on the $1,000.00 payment due on November 1, 1967, and the Fairchilds had their attorney prepare a "30 Day Notice" which was sent on January 23, 1968, to the premises as provided in the contract. The Fairchilds subsequently took possession of the property.

Elizabeth A. Thompson instituted suit against the Fairchilds in district court for damage allegedly done to the land by them. The Fairchilds counterclaimed contending that they were entitled to possession of the premises since Elizabeth A. Thompson had defaulted on the contract.

The trial court sitting without a jury found in favor of the Fairchilds (defendants-respondents) and granted them immediate possession of the property in question and dismissed Elizabeth A. Thompson's (plaintiff-appellant) claim against them since,

"* * * there is ample proof to justify the finding that she [Elizabeth A. Thompson] had received sufficient notice of rescission in some manner * * * and that she was actually aware of Fairchild's decision to rescind the contract because of her failure to make the payments required." [2]

Elizabeth A. Thompson has appealed to this Court submitting ten assignments of

error in support thereof. These can be reduced primarily to the contention that the trial court erred in its finding "that appellant had actual notice of default under terms of the contract" or in finding that she had notice of any kind whatsoever.

The questions presented by this appeal are simply stated: (1) Did Elizabeth A. Thompson have notice of default, and (2) if notice were not given according to the method prescribed by the written instrument, was Elizabeth A. Thompson prejudiced by the failure of the respondents to give notice in the prescribed manner?

Forfeitures are regarded with disfavor and strict compliance with forfeiture provisions is traditionally required. Stockman's Supply Co. v. Jenne, 72 Idaho 57, 237 P.2d 613 (1951); Marks v. Strohm, 65 Idaho 623, 150 P.2d 134 (1944). However where literal compliance with forfeiture provisions amounts to a meaningless gesture, such compliance is not necessary. Wickahoney Sheep Co. v. Sewell, 273 F.2d 767 (9th Cir. 1959). Relying on earlier Idaho case law (the parties in the Wickahoney case were governed by the substantive law of the State of Idaho since federal jurisdiction was based upon diversity of citizenship, 28 U.S.C.A. § 1332) which holds that notice in the prescribed manner is not required where a party has actual notice

which they have hereinbefore contracted to make, at the time and in the manner therein provided, or to pay before delinquency, taxes, or commit waste, or permit waste by others on said property, or fail to comply with any of the covenants in said agreement contained, then first parties shall have the option to declare this contract at an end, and if they shall elect to declare this contract at an end, they shall first give second parties thirty (30) days written notice of the matters in regard to which they are in default and during said thirty (30) days, they shall have the right to remedy said default * * *. Said notice shall be in writing, by personal service, or by mailing to second parties or their assigns, addressed at the residences of said premises and if second parties fail to remedy said default within said period of thirty (30) days, then they shall forfeit all right they may have to said premises, and first

parties shall be released from obligations in law and in equity to convey said property and the first parties shall retain unto themselves all sums theretofore paid, as agreed liquidated damages, and not as a penalty for the failure of the second parties to make said payments as hereinabove provided, and as the reasonable value of the use and occupancy of said property during the time possession of said premises is retained by second parties, and second parties shall surrender the possession of said premises to first parties and from the date of such forfeiture, said second parties shall be deemed to be tenants of first parties, holding over after the expiration of their lease, and shall be subject to dispossession under the law relating to forcible entry and detainer." (Plaintiff's Ex. "A" pp. 5, 6, 7).

2. Memorandum Opinion, District Court.

and has not suffered prejudice,[3] the Federal Court held it was not necessary to follow the prescribed and circuitous procedure outlined in the contract where "there is no question of the adequacy of the notice itself."

■ In the case at bar the record reveals ample proof that Elizabeth A. Thompson was aware of her default.[4] Therefore whether or not the formal requirements regarding the giving of notice as prescribed by the written instrument were complied with is immaterial where it is clear that notice was in fact received. The record further demonstrates that appellant was in no way prejudiced because she knew on the 29th of January, 1968, of the notice of default. This was a mere six days after the formal notice was mailed and no offer of payment was made by plaintiff-appellant until April 1, 1968, some 60 days after she had actual notice.

3. Quinn v. Hartford Accident & Indemnity Co., 71 Idaho 449, 232 P.2d 965 (1951).

4. The testimony of G. F. Zimmers indicates that on January 29, 1968, Elizabeth Thompson stated that Fairchild's attorney had sent her a letter threatening to kick her off the place. This testimony was corroborated by two other witnesses and not denied by the plaintiff-appellant on cross examination.
"Q. And this was on the 29th of January, 1968?
A. Yes, sir.
Q. Would you relate what Mrs. Thompson said.
A. Well, she was looking for Ward Fairchild. She said that she had just got a notice that Ward was kicking her off the place and she wanted to see him. She said something about insurance money, or something, and that she wanted to get Ward to—she wanted to see Ward and have him wait, or she had some insurance coming, or something. I don't know just what it was about the insurance.
Q. She did state that she had got a notice?
A. She said she had a letter from Ward's lawyers, anyway. It was that Ward was going to kick her off the place, is about the way she worded it, and that she wanted to know where Ward was at, in order that she might be able to make the payment and work something out."

■ It has long been the settled rule of of this Court that where the findings of the trial court are supported by substantial and competent, though conflicting, evidence, such findings will not be disturbed on appeal. Riley v. Larson, 91 Idaho 831, 432 P.2d 775 (1967); Meridian Bowling Lanes, Inc. v. Brown, 90 Idaho 403, 412 P.2d 586 (1966); I.R.C.P. 52(a);[5] Jones v. Big Lost River Irrigation District, 93 Idaho 227, 459 P.2d 1009 (1969). The trial judge is the arbiter of conflicting evidence; his determination of the weight, credibility, inferences and implications thereof is not to be supplanted by this Court's impressions or conclusions from the written record. Meridian Bowling Lanes, Inc. v. Brown, *supra*.

■ Appellant also asserts that the trial court erred in concluding that the money retained by the respondents ($5,477.53)[6] did not constitute a penalty and could be retained as liquidated damages or

5. "Rule 52(a) Findings by the court—Effect.—In the district courts, in all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for the purposes of review. Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge of the credibility of those witnesses who appear personally before it. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under rules 12 or 56 or any other motion except as provided in rule 41(b)."

6. This sum represented actual cash of only $1,250, the balance was credit for sundry services performed by appellant over a 7 year period.

for rental for the time appellant was in possession. The determinative factor in distinguishing between "liquidated damages" and "penalty" is whether or not the amount named in the contract is reasonably proportioned to the probable loss. McCormick, Damages, § 149; Williamson v. Smith, 74 Idaho 79, 256 P.2d 784 (1953); Scogings v. Love, 79 Idaho 179, 312 P.2d 570 (1957). The district court held that the sum of $5,-477.53 which was paid under the oral and written contracts over a seven year period represented a return of approximately 6½% simple interest for the use of an asset having an agreed value of $12,000.00. We find no error in the holding of the district court that it was not a penalty and agree with its analysis in support of that finding. Findings of fact made by the district court shall not be set aside unless clearly erroneous.

Judgment affirmed. Costs to respondents.

McFADDEN, C. J., and McQUADE, SHEPARD and SPEAR, JJ., concur.