610 P.2d 109

**ROBERT V. DE SHAZO & ASSOCI-
ATES, Plaintiff-Appellant,**

v.

**FARM MANAGEMENT SERVICES, INC.,
Louis Mendiola and Jane Doe Mendiola,
husband and wife, and Kenneth Jenkins
and Jane Doe Jenkins, husband and
wife, Defendants-Respondents.**

No. 12760.

Supreme Court of Idaho.

March 3, 1980.

Michael G. Morfitt of Reid & Morfitt,
Boise, for plaintiff-appellant.

Gary L. Morgan, Caldwell, for defend-
ants-respondents.

PER CURIAM:

Plaintiff appellant De Shazo commenced
this action against defendant respondents
Farm Management Services and certain in-
dividuals for breach of a farm lease. Re-
spondents filed a counterclaim alleging that
the appellant had breached paragraph VII
of the lease by failing to install a ten-inch
main irrigation line and that as a result
respondents' crops were damaged. The
case was tried to a jury which returned a
verdict in favor of defendant respondents
for damage to their crops. Appellant De-
Shazo appeals raising two issues.

DeShazo first alleges that "incom-
plete and erroneous instructions on the
measure of damages were given to the jury,
while proper instructions as to the measure
of damages to crops were omitted." The
trial court had given a general instruction
on contract damages. Appellant concedes
that this instruction, a modification of IDJI
No. 914, is as a general proposition a correct
statement of the law. However, appellant
asserts that the court should have given a
more specific instruction concerning the
proper measure of damages to crops. Ap-
pellant cites several Idaho cases which have

set forth a specific formula for the calculation of crop damages. *See, e. g., Casey v. Nampa & Meridian Irr. Dist.*, 85 Idaho 299, 379 P.2d 409 (1963). *See also* IDJI 912(5). However, no crop damage instruction was requested of the trial court, nor did appellant advise the trial court that the damage instruction given was inadequate. Where, as here, the trial court gives a general instruction on damages which is a correct statement of the law as far as it goes, a party cannot complain on appeal of a failure to give additional, more explicit instructions if none were requested below. *E. g., Holland v. Peterson*, 95 Idaho 728, 518 P.2d 1190 (1974).

Secondly, appellant alleges error in the admission of defendants' Exhibits 15 and 16 which were offered after both parties had closed their cases. These two exhibits were prepared by defense witnesses as they were testifying. Respondents claim that it was only through oversight that the exhibits were not marked or offered during their case. However, at the instruction conference respondents moved to reopen the case and offer the two exhibits for illustrative purposes. While the appellant objected because of the lateness of the offer, the trial court overruled the objection and admitted the exhibits. The court asked counsel for appellant whether, in view of the admission of the two exhibits, he would wish to conduct any further examination. Counsel replied that he would not further examine.

■■ Permitting a party to reopen his case in order to submit additional evidence rests within the sound discretion of the trial court, *Loughrey v. Weitzel*, 94 Idaho 833, 498 P.2d 1306 (1972), and in the absence of abuse of that discretion the trial court's action will not be reversed. Where, as here, the exhibits had been prepared by the witnesses while they were testifying in front of the jury, the trial court did not abuse its discretion in permitting respondents to reopen their case and offer the two exhibits for illustrative purposes.

The judgment of the trial court is affirmed. Costs are awarded to respondent. No attorney fees are allowed.