641 P.2d 350

LAWYERS TITLE COMPANY OF IDAHO, a partnership, and Thomas C. Halpin, Plaintiffs-Appellants,

v.

Thomas W. JACOBS and Title & Trust Company, an Idaho corporation, Defendants-Respondents.

No. 13871.

Court of Appeals of Idaho.

Feb. 23, 1982.

John C. Ward, Langroise, Sullivan & Smylie, Boise, for plaintiffs-appellants.

E. Don Copple, Davison, Copple, Copple & Copple, Boise, and David Solomon, Solomon, Zimmerman & Swartz, Denver, Colo., for defendants-respondents.

BURNETT, Judge.

Lawyers Title Company of Idaho and Thomas C. Halpin filed a complaint to enjoin Title & Trust Company from conducting a trustee's sale of Halpin's property under a deed of trust. They sought a ruling that the beneficiary of the deed of trust, Thomas W. Jacobs, had no right to a foreclosure because he had breached a contract to reconvey his interest in the property. The district court found that there was no such contract, and dismissed the complaint. We affirm.

The single dispositive question on appeal is whether the district court's finding was supported by the evidence. Although the parties have argued the applicability of the statute of frauds and the appropriateness of injunctive relief, it is unnecessary to reach those issues.

The record focuses on a transaction in which Halpin's immediate predecessors bought the subject property. Jacobs' deed of trust was then of record, and the buyers wanted it released. The sellers were in default to Jacobs on a $40,000 promissory note secured in part by the deed of trust. An "earnest money agreement" between the buyers and the sellers made sale of the property contingent upon obtaining a release of Jacobs' deed of trust for $3,000. However, Jacobs was not a party to the agreement.

Lawyers Title served as the closing agent. Shortly before closing, Jacobs called the title officer handling the transaction. The content of their conversation was disputed at trial. The title officer testified that Jacobs stated his intent to release his interest in the property for $3,000. In his testimony, Jacobs stated that he called for information about the sale and was informed that he would receive a payment from the sellers' proceeds. However, he testified that a release of his interest in the property was not discussed.

The title officer closed the transaction, and insured the buyers' title, without obtaining a written confirmation from Jacobs. After the closing, he sent Jacobs a check for $3,000 and a form of request for reconveyance of the property. Jacobs cashed the check. He also contacted the title officer and requested a further payment of other sales proceeds that the title company had disbursed directly to the sellers. According to the title officer's testimony, Jacobs offered to return a signed request for reconveyance if an additional payment were made. Jacobs denied making such an offer.

Jacobs never returned the request for reconveyance. He testified that he signed the document when he received it, without understanding what it meant. After consulting counsel, he decided not to deliver the document because he had not agreed to release his interest in the property. When

Halpin later acquired the property, Jacobs' deed of trust remained of record. The original sellers again defaulted on the promissory note, and a trustee's sale was scheduled. This lawsuit followed.

The trial court found that Lawyers Title and Halpin had failed to prove a contract obligating Jacobs to release his interest in the property. The court particularly noted that a meeting of the minds, between Jacobs and the title officer, had not been established. No contract can exist in the absence of a distinct, common understanding by the parties. *E.g., Hoffman v. S. V. Company, Inc.*, 102 Idaho 187, 628 P.2d 218 (1981); *Mitchell v. Siqueiros*, 99 Idaho 396, 582 P.2d 1074 (1978). The burden of proving the contract in this case rested on Lawyers Title and Halpin; they bore the risk of nonpersuasion. *Johnson v. Albert*, 67 Idaho 44, 170 P.2d 403 (1946).

The testimony of Jacobs and the title officer conflicted sharply. The issue of credibility went to the heart of the case. The trial court has a special opportunity to judge the credibility of witnesses who appear personally and testify. I.R.C.P. 52(a); *Resource Engineering, Inc. v. Siler*, 94 Idaho 935, 500 P.2d 836 (1972). The trial court is the arbiter of conflicting evidence. The trial court in this case accepted Jacobs' testimony. We will not supplant this determination on appeal by impressions from a written record. *Thompson v. Fairchild*, 93 Idaho 584, 468 P.2d 316 (1970).

Lawyers Title and Halpin contend that the trial court should have gone beyond the conflicting testimony and found that a contract was implied by Jacobs' negotiation of the $3,000 check. A contract may be implied in fact by the conduct of the parties. *Clements v. Jungert*, 90 Idaho 143, 408 P.2d 810 (1965). However, the facts must be such that an intent to make a contract may be fairly inferred. *E.g., Creditors' Committee of Essex Builders, Inc. v. Farmers Bank*, 251 A.2d 546 (Del.1969). In the present case, Jacobs was entitled under the promissory note to accept the sales proceeds disbursed to him by Lawyers Title on behalf of the sellers. We hold that the trial court did not err in failing to infer a contract from negotiation of the check.

The trial court's finding that there was no contract is supported by substantial and competent, though conflicting, evidence. It is not clearly erroneous; therefore, it will not be set aside. I.R.C.P. 52(a); *e.g., Cougar Bay Co., Inc. v. Bristol*, 100 Idaho 380, 597 P.2d 1070 (1979). The judgment dismissing the complaint is affirmed.

Respondents seek award of attorney fees on appeal. This appeal has turned solely upon the facts and the trial court's application of law to the facts. Such appeals invite consideration of attorney fee awards. However, in the instant case, we are not "left with the abiding belief that the appeal was brought ... frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Accordingly, we award no attorney fees. Costs to respondents.

WALTERS, C. J., and SWANSTROM, J., concur.