647 P.2d 776

**BANK OF IDAHO, Plaintiff, Respondent, and Cross-Appellant,**

v.

**James A. COLLEY, aka J. A. Colley, dba Eicom, Inc., Philip G. Jones, and Marvene Colley, Defendants,**

**and**

**Jack T. Christopherson, Defendant, Appellant, Cross-Respondent.**

No. 13365.

Court of Appeals of Idaho.

June 22, 1982.

Petition for Review Denied Oct. 12, 1982.

John B. Kugler, Pocatello, for defendant, appellant, cross-respondent.

M. Jay Meyers, McDevitt, McDevitt, Meyers & White, Pocatello, for plaintiff, respondent, cross-appellant.

BURNETT, Judge.

When a loan made by Bank of Idaho went into default, the bank sued several guarantors, including Jack Christopherson. The district court entered judgment against Christopherson on his guaranty, but declined to award the bank attorney fees. Both sides have appealed.

Christopherson has raised a potpourri of questions, which we have consolidated into four principal issues: (1) Did the district court err in allowing the bank to proceed in a separate trial against Christopherson, without serving process upon the debtor or other guarantors? (2) Should the court have admitted loan documents into evidence, copies of which had not been furnished previously by the bank to Christopherson? (3) Did the court err by allowing the bank to reopen its case-in-chief, for the purpose of moving admission of an exhibit, while a motion for involuntary dismissal was pending? (4) Was the guaranty instrument correctly interpreted and applied by the court? The bank's cross-appeal raises

an additional issue: (5) Was the bank entitled to attorney fees at trial?

We affirm the judgment of the district court on the guaranty. We reverse the court's order denying attorney fees at trial, and remand for determination of an appropriate award. We also award attorney fees to the bank on appeal.

I

The bank sued the debtor and all of the guarantors, but served process only upon Christopherson. The district court granted a motion by the bank to conduct a trial on the claim against Christopherson, separate from the others. The judgment against Christopherson was certified for appeal under Rule 54(b) of the Idaho Rules of Civil Procedure. Christopherson now argues that the debtor and the other guarantors were indispensable parties, and that the court had no authority to proceed without them. We cannot agree.

Rule 19(a)(1), I.R.C.P., provides in pertinent part, for compulsory joinder, if feasible, of persons in whose absence "complete relief cannot be accorded among those already parties." It appears from the pleadings that Christopherson cross-claimed for indemnity from the debtor and contribution from the other guarantors. Accordingly, for the purpose of this discussion, we presume that the debtor and other guarantors were within the scope of persons to be joined if feasible under Rule 19(a)(1). As noted, they were named as parties but not effectively joined by service of process. Had service been feasible, the district court would have been required to compel effective joinder. However, the record discloses no service on the cross-claims; and the record is silent as to whether service was feasible. We will not presume error from a silent record. *E.g., Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976). Accordingly, we cannot presume that service was feasible.

Therefore, we turn to Rule 19(a)(2), which governs action to be taken by the court if joinder is not feasible. Rule

19(a)(2) prescribes factors to be considered by the court in determining "whether in equity and good conscience the action should proceed among the parties before it . . . ." Among these factors is whether the plaintiff would have an adequate remedy if the action was dismissed for nonjoinder. The court's determination is rooted in the exercise of sound discretion. *See* 7 C. Wright & A. Miller, Federal Practice and Procedure §§ 1607–08 (1972) (discussing a counterpart federal rule). The guaranty signed by Christopherson provided that "[t]he obligations [of the guarantors] are joint and several, and independent of the obligations of [the borrower], and a separate action . . . may be brought against [them]." From this language, and from the bank's evident lack of a remedy had the action been dismissed, we conclude that the district court did not abuse its discretion in allowing the action to proceed. We uphold the court's implicit determination that the debtor and other guarantors were not indispensable parties under Rule 19(a)(2).

Christopherson has grafted the issue of indispensable parties upon the question of whether a separate trial was appropriate. Accordingly, we extend our analysis to note that the district court had discretionary authority, under Rule 42(b), to order a separate trial where such action would be "conducive to expedition and economy." Christopherson has made no showing of abuse of discretion, beyond his argument about indispensable parties; and we find no abuse. Therefore, the district court's order for a separate trial is sustained.

## II

Christopherson next contends that the district court erred by admitting into evidence copies of the debtor's promissory note to the bank and of the cashier's check disbursed by the bank to the debtor. Christopherson bases this contention upon the fact that he had not been furnished copies of these items. The underlying components of Christopherson's argument appear to be that he signed his guaranty before the debt actually was created; that he should have been notified by the bank when the loan was made; and that, therefore, evidence of the debt should have been excluded in the absence of a foundational showing that he had been notified.

Christopherson has cited no authority for the proposition that a guarantor is freed from his obligation if the creditor fails to furnish him copies of documents evidencing the debt transaction. Our research discloses that such a result may flow from an express requirement in the guaranty agreement itself. *See George E. Failing Co. v. Cardwell Investment Co.*, 190 Kan. 509, 376 P.2d 892 (1962). However, Christopherson's guaranty did not so provide. In the absence of such a contract provision, a transaction notice requirement will not be judicially imposed where the guaranty is unconditional by its terms and the circumstances indicate that guarantor was aware of the nature and extent of the debt guaranteed. *E.g., Lee v. Dick*, 35 U.S. (10 Pet.) 482, 9 L.Ed. 503 (1836); *Pittsburgh Plate Glass Co. v. Cassidy*, 194 Ky. 81, 238 S.W. 172 (1922).

In the present case, the purpose of the loan was to finance the debtor's purchase of a radio business. The evidence at trial showed that during February, 1972, the debtor—accompanied by Christopherson and another individual who later became a guarantor—visited the bank to discuss a loan. On February 28, 1972, Christopherson signed a "memorandum of intent" obligating him to join the debtor as a co-purchaser of the radio business. The memorandum referred to a $25,000 purchase price, of which $20,000 would be paid in five equal annual installments. In April, 1972, Christopherson signed the bank's guaranty agreement. He later signed another agreement, dated May 1, in which he acknowledged having signed the "memorandum" concerning purchase of the radio business, and in which he promised to secure a $20,000 loan from the bank. Five months later, in a "supplemental agreement," he, the debtor, and the other guarantor agreed that the sum of $20,000 from the bank would be applied to the purchase price of the busi-

ness, in lieu of the previously contemplated installment payments. On the same day as the "supplemental agreement" was signed, the debtor executed the promissory note in question, for $20,000, and the bank issued the cashier's check in that amount.

▆▆▆ From this evidence, the district court found that Christopherson "was aware at all stages of the loan and purchase proceedings as to the amount of money loaned . . . [to the debtor], the disbursement of said funds, and that he executed authorizations therefor." This finding is supported by substantial and competent evidence; it is not clearly erroneous, and it will not be set aside. I.R.C.P. 52(a). In view of Christopherson's awareness of the nature and extent of the debt guaranteed, we hold that the bank's failure to notify Christopherson did not discharge the guaranty obligation. Proof of such notification was not required as a foundation to evidence showing existence of the debt. The district court properly admitted the promissory note and cashier's check into evidence.

Taking a somewhat different tack, Christopherson further contends that his execution of the guaranty instrument merely represented an offer of a guaranty, and that he was not bound unless the bank notified him of its acceptance before, or at the time of, making the loan. Christopherson's argument superimposes the concept of notice of acceptance of an offer of guaranty upon the issue of duty to give notice of a loan transaction. These two types of notices are frequently confused. *See* discussion in 38 Am.Jur.2d *Guaranty* § 97 (1968).

▆▆▆ However, in this case, the guaranty instrument itself deals directly with notice of acceptance. The agreement·expressly provides that the guarantor waives notice of acceptance by the bank. Such a waiver is enforceable. *E.g., Linwood State Bank v. Lientz,* 413 S.W.2d 248 (Mo.1967). Moreover, where—as here—the guaranty instrument is unconditional and recites an absolute promise to pay, the promisee need only act upon it. Notice of acceptance is unnecessary. *New Idea Spreader Co. v. Satterfield,* 45 Idaho 753, 265 P. 664 (1928).

We conclude that no duty to give notice, either of acceptance or of the loan transaction, was breached by the bank.

### III

At trial, when the bank rested its case, Christopherson moved for involuntary dismissal, arguing in general terms that the bank had failed to prove its claim. The court took the motion under advisement, and directed Christopherson to go forward with his evidence. Subsequently, in a colloquy with counsel, the court noted that, during presentation of the bank's case, there had been confusion in pre-marking of exhibits. The court said its minutes showed that a pre-marked copy of the guaranty instrument, authenticated in testimony by Christopherson during the bank's case-in-chief, had not been admitted in evidence. The bank promptly moved to reopen its case for the purpose of admitting the exhibit. The motion was granted, over Christopherson's objection. On appeal, Christopherson maintains that the district court erred by allowing the bank to reopen its case while a motion for involuntary dismissal was pending.

▆▆▆ In general, permitting a party to reopen its case rests within the sound discretion of the trial court. The court's action will not be disturbed unless its discretion has been abused. *E.g., Robert V. DeShazo & Associates v. Farm Management Services, Inc.,* 101 Idaho 154, 610 P.2d 109 (1980). A party seeking to reopen must show some reasonable excuse, such as oversight, inability to produce the evidence, or ignorance of the evidence. *Smith v. Smith,* 95 Idaho 477, 511 P.2d 294 (1973). In *DeShazo,* our Supreme Court refused to disturb a trial court ruling that allowed a case to be reopened, for the purpose of admitting exhibits prepared and used during prior testimony, but not offered due to oversight. In the present case, the bank also urges oversight as its excuse. We deem the district court's action to be consistent with the standard articulated in *Smith* and illustrated in *DeShazo.*

The next question is whether this standard should be applied differently when a motion for involuntary dismissal is under advisement. We hold that it should not. *See Spokane Merchants' Ass'n v. Olmstead*, 80 Idaho 166, 327 P.2d 385 (1958). Rule 41(b), of the Idaho Rules of Civil Procedure, vests in the trial court discretionary authority to "decline to render any judgment until the close of all the evidence." We see no conceptual reason why the exercise of such discretion should narrow the scope of the court's concurrent discretion to reopen a case. The object of each type of discretion is to do justice. It would be illogical for one form of discretion to diminish the other. We conclude that reopening the instant case did not represent an abuse of the court's discretion.

## IV

Christopherson challenges the district court's interpretation and application of the guaranty agreement, in several different contexts. First, Christopherson maintains that the agreement was "blank" when he signed it, containing no reference to the identity of the debtor or to the amount of the contemplated debt. A bank officer's testimony was directly to the contrary. The issue was one of credibility.

We are mindful of the district court's special opportunity to judge the credibility of the witnesses who appear personally and testify. *See* I.R.C.P. § 52(a); *Lawyers Title Co. of Idaho v. Jacobs*, 102 Idaho 804, 641 P.2d 350 (Ct.App.1982). In this case the trial court accepted the bank officer's testimony. We will not disturb the court's determination in this regard. *Thompson v. Fairchild*, 93 Idaho 584, 468 P.2d 316 (1970); *cf. Idaho First Nat. Bank v. Wells*, 100 Idaho 256, 596 P.2d 429 (1979).

Christopherson next contends that the district court erred by failing to impose upon the bank a duty to seize personal property of the radio business which had been pledged as security for the loan. However, the guaranty instrument expressly waived any requirement that the bank seek to recover and sell property subject to a security interest before proceeding against the guarantor. Such a waiver, in an unconditional guaranty agreement, will be upheld. *E.g., American Bank of Commerce v. Covolo*, 88 N.M. 405, 540 P.2d 1294 (1975); *cf. Mack Financial Corp. v. Scott*, 100 Idaho 889, 606 P.2d 993 (1980).

Christopherson further argues that two monthly payment extensions, granted to the debtor by the bank, discharged any obligation under the guaranty. For this proposition, Christopherson relies upon *Ore-Ida Potato Products, Inc. v. United Pacific Ins. Co.*, 87 Idaho 185, 392 P.2d 191 (1964). In *Ore-Ida*, our Supreme Court, citing Annot., 74 A.L.R.2d 734, 736–37 (1960), adopted the prevailing rule of case law, that where an extension of time constitutes a material alteration in the terms of the underlying contract, a nonconsenting guarantor or surety may be discharged of his obligation. 87 Idaho at 198, 392 P.2d at 199. However, the annotation cited by the court excluded cases in which a guaranty instrument expressly authorized extensions of time; and no such provision was considered in *Ore-Ida*. In contrast, the guaranty instrument in the present case empowered the bank, "without notice or demand [to the guarantor] to . . . renew . . . extend . . . or otherwise change the time for payment [on the loan] . . . ."

It has long been settled that a guarantor is bound by his agreement authorizing a creditor to grant extensions of time for payment of the debtor's obligation. *See generally*, Annot., 94 A.L.R. 1447 (1935); supplemented by Annot., 117 A.L.R. 964, 970 (1938). We deem *Ore-Ida* to be distinguishable. We hold that extensions of time, expressly authorized in the guaranty instrument, do not discharge the guarantor. *E.g., American Bank & Trust Co. v. Blue Bird Restaurant & Lounge*, 290 So.2d 302 (La.1974).

Finally, Christopherson contends that the guaranty should fail for lack of consideration, because he received no compensation for guaranteeing payment of the debt. This sweeping contention would eliminate

entirely any obligation of a gratuitous guarantor or surety. We reject it.

■ A guaranty is deemed to be supported by consideration if a benefit to the principal debtor, or detriment to the creditor, is shown. *E.g., Southdale Center, Inc. v. Lewis*, 260 Minn. 430, 110 N.W.2d 857 (1961). This general rule has a statutory parallel in the Idaho Uniform Commercial Code, which provides that an "accommodation party" (surety or guarantor) to a negotiable instrument, such as a promissory note, is liable to the promisee if the debtor receives value for the instrument. *See* I.C. § 28–3–415, comments 1 and 3. In the instant case, it is undisputed that the debtor received $20,000 from the bank. We conclude that Christopherson's guaranty was supported by consideration.

## V

In its cross-appeal the bank argues that the district court erred by failing to include in the judgment an award of attorney fees. The guaranty instrument recited an agreement by Christopherson "to pay a reasonable attorneys' fee and all other costs and expenses which may be incurred by Bank in the enforcement of this Guaranty." The district court declined to award attorney fees because the judge felt that the bank— by failing to pursue its remedies against other parties, and against property pledged as security for the loan—had not acted "equitably" toward Christopherson.

■ We understand the difficult position in which Christopherson has been placed. However, we cannot sustain the district court in treating the obligation to pay attorney fees differently from the obligation to pay the debt, as provided by the guaranty agreement. The right to recover attorney fees is an integral part of the bank's entitlement under the guaranty agreement. *See Industrial Investment Corp. v. Rocca*, 102 Idaho 920, 643 P.2d 1090 (Ct.App.1982). Neither the district court nor this court has been persuaded, in this case, to set aside the guaranty agreement on general equitable principles. Accordingly, we are constrained to hold that the district court erred by denying attorney fees on such grounds.

We note, further, that the bank's claim for attorney fees is based upon a contract, not upon the discretionary power to grant attorney fees under I.C. § 12–121. The provision for attorney fees in the guaranty agreement is broad and unconditional. The more restrictive criteria set forth in Rule 54(e)(1), for determining entitlement to an award of attorney fees under I.C. § 12–121, are not applicable here. We conclude that the cause should be remanded to the district court with direction to award a reasonable fee.

Rule 54(e)(3) sets forth factors to be considered in fixing the amount of the award. These factors are applicable wherever they would not conflict with the contract or statute upon which the award is based. *See* Rule 54(e)(8). We perceive no general impediment to applying these factors in this case. However, the last item in Rule 54(e)(3)—"any other factor which the court deems appropriate in the particular case"— should not be applied to penalize the bank for exercising any right expressly granted to it by the guaranty instrument.

■ The final question is whether attorney fees should also be awarded on appeal. The principal appeal in this case has been brought by Christopherson, challenging the district court's judgment of liability upon the guaranty. The bank has responded successfully to this appeal, and has cross-appealed successfully on the question of attorney fees at trial. Accordingly, we hold that the bank is entitled to reasonable attorney fees in this appeal, pursuant to the guaranty agreement. *Industrial Investment Corp. v. Rocca, supra; cf. Vaughn v. Vaughn*, 91 Idaho 544, 428 P.2d 50 (1967). The amount of fees on appeal will be determined under I.A.R. 41(d).

The judgment of the district court, except as to attorney fees, is affirmed. The cause is remanded for further proceedings on attorney fees, consistent with this opinion.

WALTERS, C. J., and SWANSTROM, J., concur.