**BRAY LINES INC., Plaintiff and Respondent,**

v.

**UTAH CARRIERS, INC., a Utah Corporation, and G. Eugene England, an individual, Defendants and Appellants.**

**No. 860133–CA.**

Court of Appeals of Utah.

July 10, 1987.

Rehearing Denied Aug. 4, 1987.

---

Michael K. Mohrman, Salt Lake City, for plaintiff and respondent.

John T. Caine, Richards, Caine & Richards,. Ogden, for defendants and appellants.

Before BILLINGS, GREENWOOD and ORME, JJ.

## OPINION

BILLINGS, Judge:

G. Eugene England appeals from the trial court's granting of Bray Lines Incorporated's motion for summary judgment. We affirm.

In April of 1978, Bray Lines Incorporated ("Bray Lines") was approached by Duane Barker ("Barker"), president of International Contract Carriers trucking company. In that capacity, Barker entered into negotiations with Bray Lines for the purchase of its Interstate Commerce Commission ("ICC") authority to operate motor carrier service over certain routes. Barker was advised that Bray Lines could not sell the authority directly to an existing company, but could only sell it to a new entity. For purposes of satisfying the ICC's requirements for the sale of authority, Barker established Utah Carriers Incorporated ("Utah Carriers") with his father-in-law, G. Eugene England ("England") as President and a director of the corporation.

On April 12, 1978, Bray Lines transferred its authority to operate a motor carrier service to Utah Carriers. In exchange, Utah Carriers executed and delivered to Bray Lines a promissory note for the sum of $309,438.49. The promissory note was signed on behalf of Utah Carriers by England, President. Also on April 12, 1978, England executed an unconditional personal guarantee as collateral for the principal obligation. Following consummation of this arrangement, England was not active in the operations of Utah Carriers nor was he compensated by Utah Carriers.

In 1980, the trucking industry was deregulated, rendering the previously granted operating authority worthless. Subsequently, Utah Carriers defaulted on the note; Bray Lines consequently filed suit against Utah Carriers and England to recover the $44,556.39 outstanding balance. The court granted summary judgment against both defendants.

### I.

Summary judgment should be granted only when it is clear from the undisputed facts that the opposing party cannot prevail. *Frisbee v. K & K Const. Co.*, 676 P.2d 387, 389 (Utah 1984); *see* Utah R.Civ.P. 56(c). In considering a summary judgment, the court must evaluate all the evidence and all reasonable inferences fairly drawn from the evidence in a light most favorable to the party opposing summary judgment. *Frisbee*, 676 P.2d at 389. This Court must determine whether the undisputed facts support the trial court's conclusion that England, as a matter of law, was liable on his personal guarantee.

### II.

England asserts that enforcement of the note and guarantee would be unconscionable because the operating rights were rendered worthless due to deregulation. The determination of whether a contract is unconscionable is made with reference to the conditions that existed at the time the contract was executed. *Bekins Bar V Ranch v. Huth*, 664 P.2d 455, 461 (Utah 1983). In analyzing whether the contract is unconscionable, it is appropriate to consider the terms of the contract as well as the relative positions of the parties and circumstances surrounding the execution of the contract. *Id.*

In this case, the terms of the guarantee are unambiguous, straightforward, and un-

derstandable.[1] Moreover, there is no evidence of a gross inequality of bargaining power. Rather, the parties are experienced in business and they freely entered into this business venture; they are entitled to contract on their own terms without the intervention of the courts to relieve one side or the other from the effects of a bad bargain. "The fairness or unfairness, folly or wisdom, or inequality of contracts are questions exclusively within the rights of the parties to adjust at the time the contract is made." *Id.* at 463 (quoting *Barnes v. Helfenbein*, 548 P.2d 1014, 1021 (Okla. 1976)); *see also BHY Trucking, Inc.—Purchase (Portion)—Roadway Express, Inc.*, 127 M.C.C. 731, 734 (1980).

### III.

 England also contends that because he personally received no compensation the guarantee is unenforceable based on a lack of consideration. A contract of guarantee is not binding unless supported by consideration. *Gelco IVM Leasing Co. v. Alger*, 6 Wash.App. 519, 494 P.2d 501, 503 (1972). However, it is not necessary that the consideration for the promise of guarantee be distinct from that of the principal debt if such promise is made as a part of the transaction which created the principal debt. *Id.* A guarantee is deemed supported by consideration if a benefit to the principal debtor, or detriment to the creditor, is shown. *Bank of Idaho v. Colley*, 103 Idaho 320, 647 P.2d 776, 782 (App. 1982).

In this case, England's guarantee was a part of the bargain leading to the sale of the trucking authority. The extension of credit and transfer of authority for the benefit of Utah Carriers is adequate consideration to support the guarantee. *Boise Cascade Corp. v. Stonewood Dev. Corp.*, 655 P.2d 668, 669 (Utah 1982). The fact that England was not the direct recipient of consideration for the guarantee agreement is of no consequence.

1. The guarantee states in pertinent part:
   For value received, the undersigned hereby unconditionally guarantees the payment of

In light of the Court's holding that the guarantee is valid and enforceable, we find England's contention that Bray Lines was unjustly enriched without merit. As previously noted, the fact that England did not personally benefit from the transaction is legally irrelevant. Furthermore, Bray Lines was not unjustly enriched, but merely received the benefit of its bargain—payment of $309,438.49 for the sale of its authority.

Affirmed. Costs to Respondent.

GREENWOOD and ORME, JJ., concur.

that certain note from Utah Carriers, Inc. to Bray Lines Incorporated dated April 12, 1978, and all extensions or renewals thereof....