771 P.2d 923

**Terrance L. TUCEK, Plaintiff–Respondent,**

v.

**Larry C. HUFF and Gloria Huff, Husband and Wife, and Title and Trust Company, an Idaho corporation, Defendants–Appellants.**

No. 17134.

Court of Appeals of Idaho.

April 11, 1989.

Janet E. Jenkins, Coeur d'Alene, for defendants-appellants.

Michael J. Newell, Coeur d'Alene, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a judgment on a promissory note given as partial consideration for a sale of real estate. We are asked to decide whether the district court erroneously applied the parol evidence rule, and whether the court abused its discretion by denying a motion to reopen the case. For reasons explained below, we affirm the judgment.

Terrance Tucek sold a house to Larry and Gloria Huff. Following oral negotiations, the parties signed an "earnest money agreement." This document was a boiler-

plate form with spaces available for insertion of various contract terms. Most of these spaces were left blank. The document said little more than that an offer had been made and accepted for a sale of property, and that the seller acknowledged receiving $100 from the buyers. The document contained no property description or any terms of the sale. The parties subsequently went to an escrow company, where an officer prepared instruments comprising the sale contract.

As set forth in these instruments, the terms of the sale were as follows. The house was sold in exchange for (a) an assumption by the purchasers of an existing indebtedness secured by a lien on the house, and (b) a promissory note payable by the purchasers to the seller in the amount of $25,000. The note was secured by a deed of trust on other real property owned by the purchasers, and was further secured by an assignment of certain unrelated contracts.

When the promissory note came due, the buyers failed to pay. The seller sued on the note, seeking to foreclose the security and to obtain a deficiency judgment. At trial, the dispute centered on whether the instruments prepared at the escrow company reflected the parties' full agreement. According to the buyers, the parties had agreed that the $25,000 note would be paid with funds derived from an expected inheritance; and if those funds were not timely received, the seller would accept surrender of the security in full satisfaction of the note. The seller denied it.

■ During the trial, one of the buyers, Gloria Huff, was asked to explain her understanding of the sale agreement. The seller's attorney objected, arguing that the parol evidence rule prohibited testimony concerning any prior or contemporaneous agreement inconsistent with the signed documents. *See generally Nuquist v. Bauscher*, 71 Idaho 89, 227 P.2d 83 (1951). The trial court initially sustained the objection. Subsequently, however, the same testimony was allowed upon the theory of an "*altered* instrument." Mrs. Huff testified that the "earnest money agreement" had

recited the parties' agreement that the promissory note could be satisfied by surrender of the security. Acknowledging that the document admitted into evidence contained no such provision, she suggested that the document had been altered.

The district judge, sitting without a jury, concluded otherwise. He held that the promissory note was not subject to any extrinsic agreement for satisfaction upon surrender of the security. He entered judgment on the note, directing the security to be foreclosed and allowing recovery of any deficiency. This appeal followed.

In their briefs and at oral argument, the buyers contended that the judge had reached his decision by erroneous application of the parol evidence rule. The seller responded, in part, that the judge had not applied the parol evidence rule at all. For clarification on that point, we temporarily remanded the case under I.A.R. 13.3. The judge prepared an addendum to his memorandum decision, stating that no agreement ever had existed, in fact, for the seller to accept the security in lieu of full payment on the note. The judge further found that the buyers had made such a proposal during negotiations, but that the seller had rejected it. In view of these explicit findings, we need not tarry over the question of whether such an agreement, if it existed, could have been recognized and given effect under the parol evidence rule.

The question is narrowed to whether the judge's findings of fact were "clearly erroneous" under I.R.C.P. 52(a). We hold that they were not. The testimony was in conflict, framing a credibility issue. The judge expressly referred to credibility in making his findings. Weighing the evidence and determining credibility are tasks committed to the trial court. *E.g., Angleton v. Angleton*, 84 Idaho 184, 370 P.2d 788 (1962). We will not disturb the judge's findings in this case.

■ After the trial was completed, but before a written decision had been issued, the buyers moved to reopen the case upon "newly discovered" evidence. A hearing was conducted on the motion. The evidence was testimony by a criminalist that

the "earnest money agreement" admitted as an exhibit at trial appeared to contain tracings of signatures. Upon this evidence the buyers asked the judge to infer that the seller had created a false document, deleting language that allowed the promissory note to be satisfied by surrender of the security.

The judge, having received at the hearing much of the evidence that would have been presented if the case were reopened, took the matter under advisement. In his memorandum decision, embracing the issues raised at trial and in the motion to reopen, he concluded that even with the additional evidence, the buyers had not persuaded him that the document admitted at trial had been altered by deleting language.

Moreover, the judge noted that there had been ample opportunity before trial to examine the earnest money agreement for possible alteration. During pretrial discovery, four months in advance of the trial, the buyers' counsel received from the seller a copy of the "earnest money agreement." That copy, like the document admitted into evidence, contained no provision for surrender of security in lieu of cash payment. In addition, shortly before trial, the buyers' counsel visited with the seller's attorney and saw the document later admitted into evidence. However, at no time before or during the trial did the buyers seek to have the document examined. The judge concluded that the "newly discovered" testimony of the criminalist could have been adduced at trial if reasonable diligence had been exercised.

In general, the reopening of a case rests within the sound discretion of the trial court. *Allen v. Burggraf Const. Co.*, 106 Idaho 451, 680 P.2d 873 (Ct.App.1984). When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry: (1) whether the lower court could rightly perceive the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Associates North-*west, Inc. v. Beets*, 112 Idaho 603, 733 P.2d 824 (Ct.App.1987). Here, the legal standard governing a motion to reopen is that the moving party must show some reasonable excuse for failure to present the evidence at trial. *Bank of Idaho v. Colley*, 103 Idaho 320, 647 P.2d 776 (Ct.App.1982). This standard protects the integrity of the trial and encourages the parties to marshall their evidence in a timely fashion. The trial judge found no such excuse in this case.

In our view, the judge correctly perceived the issue of reopening the case as one of discretion; he identified the proper standard; and he made his determination through a well-explained exercise of reason. Accordingly, we find no abuse of his discretion.

The judgment of the district court is affirmed. Costs, including attorney fees as provided in the promissory note, to the respondent, Tucek.